## CITY COUNCIL OF GREENVILLE v. EICHELBERGER.

1. MAYOR'S COURT—APPEAL—FACTS.—Where no facts are stated on appeal to this court from the appellate judgment of the Circuit Court reducing the sentence of a Mayor's Court, it must be assumed that the facts were such as to justify such modification of the sentence by the Circuit Court as the law allowed.

2. IBID.—IBID.—MODIFICATION.—Under the charter of a city, the mayor was vested with all the powers of trial justices within the limits of said city, and, therefore, exercised the powers of a trial justice when he tried an offender charged with violation of a city ordinance. Hence, the accused, from the sentence imposed by the mayor, may appeal to the Circuit Court, and that court may modify the sentence by reducing the amount of the fine as to the Circuit Judge may seem meet and conformable to law.

MR. CHIEF JUSTICE McIVER *dissenting*.

Before WATTS, J., Greenville, November, 1894.

Appeal by the city council of Greenville from an order of the Circuit Court reducing the fine which had been imposed by the mayor of Greenville on said Eichelberger for the violation of a city ordinance.

*Mr. Jos. A. McCullough*, for appellant.

*Mr. J. Walter Gray,* contra.

.July 8, 1895.    The opinion of the court was delivered by

MR. JUSTICE GARY.    The defendant was tried in the mayor's court of the city of Greenville, for violating an ordinance of said city entitled: "An ordinance to fine and imprison persons found guilty of riotous conduct."    The punishment provided for in said ordinance is a fine not exceeding $50, or imprisonment not exceeding twenty days, at the discretion of the mayor, or both fine and imprisonment within the above limits, at the discretion of the mayor.    Under the testimony, he was found guilty and fined in the sum of $50, or        days imprisonment.    From this sentence the defendant appealed to the. Circuit Court upon several exceptions, one of which was because the fine imposed was excessive, even if there was a violation of the ordinance, in view of the mitigating circumstances of the case.

The appeal was heard by his honor, Judge Watts, at the November term of the Circuit Court for said county, who, after hearing read the testimony in the case, and argument of counsel, ordered that $45 of the fine imposed be remitted, and that the judgment of the city council be modified to that extent. The city council of Greenville appealed from said order on the following exceptions: "I. Because his honor erred in ordering that $45 of the fine imposed in this case be, and is hereby, remitted, and the judgment of city council be modified to that extent, in that having concurred with the mayor that the defendant was guilty of violating the aforesaid ordinance, the amount of the fine was purely discretionary with said mayor, with the exercise of which his honor had no right or authority of law to interfere.    II. Because his honor should either have affirmed or reversed the judgment. of the mayor, and had no right or authority of law to modify said judgment, as stated in said order."

None of the testimony is set forth in the statement of the "Case."    The correctness of the order appealed from depended upon the facts in the case, unless it should be held that the law does not authorize the Circuit Judge, under

any circumstances, to modify the sentence imposed by the mayor. In *Columbia Water Power Co.* v. *Columbia Electric &c. Co.*, 43 S. C., 154, the court says: "This court must assume that the Circuit Judge properly decided all the questions of fact upon which his judgment had, necessarily, to rest. Even if there was error on his part in his finding of facts, it is not the subject of review by this court in a law case." If the law authorizes the Circuit Judge, under any circumstances, to modify the sentence imposed by the mayor, then this court, in the absence of all testimony, must assume that the facts and circumstances were such as to justify the granting of the order making such modification of the sentence.

Let us, then, consider whether the Circuit Judge had the power to modify the sentence imposed by the mayor. In the charter of the city of Greenville (19 Stat., p. 109), it is provided that: "The mayor and aldermen of said city are hereby severally and respectively vested with all the powers of trial justices in this State, within the limits of said city, to try and punish all persons charged with the violation of the ordinances of said city." Under the case of *City Council* v. *Brown*, 42 S. C., 184, and the authorities upon which that case was decided, it clearly appears that the mayor exercised the powers of a trial justice when he tried said case. The extent of the punishment which he had the power to inflict was limited by the ordinance aforesaid. Section 66, Code of Criminal Procedure, provides that: "Every person convicted before a trial justice of any offence whatever and sentenced, may appeal from the sentence to the next term of Court of General Sessions for the county. All appeals from trial justice's courts in criminal cases shall be taken and prosecuted as hereinafter prescribed." Section 71 provides that: "The said appeal shall be heard by the Court of General Sessions upon the grounds of exception made; and upon the papers hereinbefore required, and without the examination of witnesses in said court. And the said court may either confirm the sentence appealed from, reverse or modify the same, or grant a new trial, as to the said court may seem meet and conformable to law." It thus appears that the statute, *in express terms*, confers upon the Circuit

23—44

Judge the power to *modify* the sentence appealed from. The only limitation upon his power is, that it must be, "as to the said court may seem meet and conformable to law." There is nothing in the "Case" showing that the modification of the sentence by the Circuit Judge did not seem to him "meet and conformable to law."

It is the judgment of this court, that the order appealed from be affirmed.

MR. JUSTICE POPE, *concurring.* It seems from the "Case" that the defendant was tried before the mayor of the city of Greenville for the violation of a city ordinance. He was convicted. Whereupon he was sentenced to pay a fine of fifty dollars, or to     days' imprisonment. From this judgment of the said mayor the defendant appealed to the Circuit Court. When the appeal came on for a hearing before his honor, Judge Watts, he modified the mayor's sentence by reducing the fine imposed from $50 to $5. It seems that, under the charter granted by the General Assembly of this State to said city of Greenville, that one of the provisions of the organic law of said municipality is, that the mayor and aldermen of said city, severally or jointly, shall be clothed with all the power of a trial justice in this State, within the limits of said city, to try and punish all persons charged with a violation of the ordinance of said city. 19 Stat., 109. This court has had occasion recently, in the case of *City Council* v. *Brown*, 42 S. C., 184, to construe the law under which city officials perform those duties of courts, and we have held, that when the General Assembly clothed such officials with the power of trial justices, such officials are subject to all the restrictions of the law pertaining to and governing trial justices, so far as the powers conferred by the terms of the act on such officials is concerned. Under this view of the law, we have held that a person on trial before the court of the city recorder of Charleston may demand his right to a trial by the jury fixed by law for a trial justice court. It seems to my mind very clear, therefore, that the mayor's judgment here was reviewable by the Circuit Court, just as any trial justice's judgment would be.

It would be an alarming condition of things to allow a mayor or alderman, or both together, power inconsistent with this view. I know this court went to the full extent when it denied the right of appeal to a citizen from a mayor's court, as was done in *Ex parte Schmidt*, 24 S. C., 363. Until that decision is reversed, it is my duty, as it is my pleasure, to uphold it, but not to stretch it one inch. The judgment of our court in the case last cited was justified, it is claimed, by the absence in the act of the legislature vesting the city council of Columbia with power to try offenders against its city ordinance of any such restrictions as are set out plainly and unmistakably, in the act regulating the power of the mayor and aldermen of Greenville. If, then, they have the power only of trial justices, then their judgments are reviewable by the higher court, the Court of General Sessions. *Beaufort* v. *Ohlandt*, 24 S. C., 158; *Lexington* v. *Wise*, *Ibid.*, 163. When Judge Watts heard this appeal, he had before him all the testimony taken in the court below, at the trial of the defendant. Under our statutes regulating appeals from the sentences of a trial justice court, the judges of the Courts of General Sessions are expressly empowered to reverse or modify the sentence appealed from, or grant a new trial, as to the said judge may seem meet and conformable to law. See section 71 of the Criminal Statutes of South Carolina. The text of that section reads: "The said appeal shall be heard by the Court of General Sessions upon the grounds of exception made and upon the papers hereinbefore required" (the testimony below was one of these papers—see section 63), "and without the examination of witnesses in said court. And the said court may either confirm *the sentence* [italics mine] appealed from, reverse or modify same, or grant a new trial, as to the said court may seem meet and conformable to law." This section shows very plainly that the legislature of this State never intended to give such unlimited power to these officers as would enable them to impose sentences upon persons charged before them with infractions of city ordinances out of all proportion to the offence as made out by the testimony; in other words, to clothe them with unbridled discretion as to their sentences. Judge Watts had all this testimony

before him, and he but exercised one of the rightful powers of his high office when he reduced this sentence, if the testimony convinced him that the mayor's sentence was excessive. I agree with Mr. Justice Gary, that the judgment below should be affirmed.

MR. CHIEF JUSTICE MCIVER, *dissenting.* As I cannot concur in the conclusion reached in this case, I propose to state briefly the grounds of my dissent. The Circuit Judge having found no error either of law or fact in the judgment appealed from, it must be regarded as conclusively determined that the defendant was guilty of having violated the ordinance under which he was prosecuted. The only question, therefore, was as to the amount of the punishment which should be imposed. That was a matter which, by the express terms of the ordinance, was left to the discretion of the mayor, within certain prescribed limits; and as it is not, and cannot be, pretended that the mayor transcended those limits, I do not see how it can possibly be said that there was any error of law or fact in the judgment of the mayor. Even conceding that the mayor, in rendering that judgment, was acting as a trial justice (a matter which may admit of question), and that, in appeals from a trial justice, the Court of Sessions "may either confirm the sentence appealed from, reverse or modify the same, or grant a new trial, as to the said court may seem meet and conformable to law" (section 71, Crim. Stat.), yet I do not think the language quoted, which is relied upon to sustain the action of the Circuit Judge in this case, can be properly construed as conferring a right of appeal from the exercise of mere discretion by the inferior tribunal within the limits prescribed by law. The well settled rule undoubtedly is that there is no appeal from the exercise of discretion conferred upon the tribunal from which an appeal is sought to be taken. *Truett* v. *Rains*, 17 S. C., 453. Indeed, I do not see how the exercise of *discretion* within the limits prescribed by law, can afford any ground of appeal; for, as is said in the case just cited, "It is bounded by no rule except the good sense and integrity of the party empowered to exercise it."

I must think, therefore, that the power conferred by the sta-

tute above referred to should be construed, *not* as conferring the power to substitute the discretion of the Court of Sessions in measuring the amount of punishment to be imposed, for that of the inferior tribunal from which the appeal is taken, but simply a power to modify the sentence so as to make it "conformable to law;" and as the sentence appealed from in this case was already in conformity to law, there was no ground for the appeal to the Court of Sessions, and the same should have been dismissed.

Judgment affirmed.