## EX PARTE EVANS.

Jurisdiction—Court—Appeal.—The City Council of Greenville in refusing a permit to build a house acts in an administrative rather than a judicial capacity, and no appeal lies from its action to the Circuit Court.

*City Council* v. *Eichelberger,* 44 S. C., 351, *and City Council* v. *Brown,* 42 S. C., 184, *distinguished from this case.*

Before Gage, J., Greenville, December, 1904. Reversed.

Petition to City Council of Greenville by Mrs. Mary Evans for permit to build a house. Upon objection by Mrs. Maude Simmons, the permit was refused. Mrs. Evans appealed to Circuit Court, which reversed the action of the City Council. From this order, Mrs. Simmons and City Council appealed.

*Messrs. Mauldin & Townes,* for Mrs. Simmons, appellant, cite: *City council did not act as court and no appeal lies:* Code of Proc., 358; 32 S. C., 1; 12 S. C., 111.

*Messrs. M. F. Ansel, Cothran, Dean & Cothran,* contra, cite: *City council acted as a court:* Con., art. V., sec. 15; Code of Proc., 358; 19 Stat., 109; 44 S. C., 351; 42 S. C., 184. *Ordinance of 1903 repeals by implication ordinance of 1887:* 2 S. C., 557; 3 How., 636; 14 Rich., 251. *As to construction of ordinances:* 26 Ency., 616.

October 31, 1905. The opinion of the Court was delivered by

Mr. Justice Jones. On June 14, 1904, petitioner applied to the board of fire commissioners of the city of Greenville, under the provisions of the ordinances of said city, for permission to erect a two-room frame dwelling on Academy street, in said city, and on same day a permit was granted, signed by the chairman of the board of fire commissioners and chief of the fire department; but on the 16th day of June, 1904, the chief of the fire department revoked said permit

and forbade work on said building. On July 5, 1904, the petitioner applied to the city council of Greenville for the building permit. The appellant, Mrs. Maude Simmons, one of petitioner's neighbors, presented a petition opposing the permit on two grounds: (1) that the erection of the proposed building in such close proximity to her house and that of E. B. Owens will constitute a danger to their property in case of fire; (2) that the proposed cottage is to be occupied by negroes and will operate as a nuisance.

The matter was referred by the city council to the board of fire masters. This board referred the matter back to the city council, reporting that they did not feel justified in refusing the permit on the first ground, and had accordingly issued it. With reference to the second ground, this board reported that it was out of their jurisdiction to consider. The city council claiming to act under the ordinance approved April 20, 1887, after considering the petition and affidavits submitted, and hearing argument for and against the same, refused to approve the permit granted by the board of fire masters and refused permission for the building of the house. From this action of the city council the petitioner appealed to the Circuit Court. A motion was made in the Circuit Court to dismiss the appeal on the ground that the Circuit Court had no jurisdiction to entertain the appeal, which was overruled. The Circuit Court then proceeded to hear the appeal and made an order reversing the action of the city council and allowing petitioneer to proceed with the erection of the proposed building.

Mrs. Maude Simmons and the city council of Greenville served notice of intention to appeal. On the call of the case, the city council of Greenville having announced that they abandoned the appeal, the appeal was, by order of the Court, dismissed, so far as the city council of Greenville is concerned.

Mrs. Maude Simmons presents a number of exceptions to the judgment of the Circuit Court, the first of which is that the Circuit Court had no jurisdiction to entertain the appeal

of Mrs. Mary Evans, for the reason that the city council, in this particular matter, was not acting as a court of inferior jurisdiction, from which an appeal could be taken. If this view be correct, then no other question sought to be raised by the exceptions is properly before the Court.

We are of the opinion that the Circuit Court was without jurisdiction to entertain the appeal sought to be taken from the action of the city council. Sec. 15, art. V., of the Constitution, gives to the Court of Common Pleas appellate jurisdiction "in all cases within the jurisdiction of inferior courts, except from such inferior courts from which the General Assembly shall provide an appeal directly to the Supreme Court." Is this a *case* within the jurisdiction of the city council as an inferior *court?* Judge Story, in his Commentaries on the Constitution, vol. III., page 626, says: "The essential of appellate jurisdiction is that it reviews and corrects the proceedings in a case already instituted and does not create that cause in reference to judicial tribunals; an appellate jurisdiction, therefore, necessarily implies that the subject matter has been instituted in, and acted upon, by some other Court whose judgment or proceedings are to be reviewed. This appellate jurisdiction may be exercised in a variety of forms, and, indeed, in any form which the legislature may choose to prescribe, but still the substance must exist before the form can be applied to it." In order, therefore, to give the Circuit Court appellate jurisdiction in the matter appealed from the city council, it must appear that the city council was, in the matter sought to be reviewed, acting in a judicial capacity as distinguished from doing a ministerial, administrative or discretionary act. "Appellate jurisdiction is the power vested in a superior tribunal to review and revise the judicial action of an inferior tribunal." 2 Ency. Pl. & Pr., 11. The charter of the city of Greenville, 19 Stat., 109-110, in section 13, gives the city council "power to prohibit the erection of any wooden building or buildings, or any wooden roof building or buildings, in any portion of said city that they may by ordinance define as the limit of

the fire district, and to prescribe of what material buildings or structures within said limits shall be constructed," and in section 14, the city council is given power to abate all nuisances within the corporate limits, and in said section power is given to appoint a board of health and a board of fire masters for said city, and to pass such ordinances in regard thereto as may be necessary.  By an ordinance ratified April 7, 1903, the city council created and established a board of fire masters, which defined the powers and duties of such board with respect to buildings in the city, and providing penalties for obstructing the action of said board or refusing to comply with their directions, and in section 6, provided "that no house, building, store or other structure shall be built, altered or erected in the city of Greenville without first obtaining a permit to do so, signed by the chief of the fire department and the president or secretary of the fire commission."  By a previous ordinance, ratified April 20, 1887, it is provided:

"Sec. 1. That on and after the passage of this ordinance, it shall not be lawful for any party or parties to erect or move any wooden building of any kind whatever, within the distance of two hundred and fifty feet of Main street of said city at any point between Reedy River and North street.

"Sec. 2. That before any person or persons shall erect any storehouse, dwelling house, hotel, stable, fence, awning, cellar door, or structure of any kind on any street whatever, application in writing shall first be made to the city council, stating the use and purpose for which said building or other structure is designed, and stating the place of location for the same, and a permit from the mayor and aldermen be obtained to erect said building or other structure, before the same shall be commenced: *Provided*, That before any permit to build shall be granted by the city council, the same shall be recommended by the board of fire masters, who shall have the power to require the person or persons who make application to build to submit their plans and specifications to them in writing."

Section 6 provides a penalty for failure to comply with this ordinance.

This would doubtless give the city council jurisdiction as a court to try offences for a violation of said city ordinance, if sustained as valid, but no such authority is attempted to be exercised in the present matter, but it confers no authority upon the city council as a court to hear and determine a controversy arising between neighbors as to whether the owner shall have the right or a permit to build a certain kind of house upon her premises. In so far as the city council may assume to grant or refuse such a permit, their action is administrative rather than judicial. Their decision in such matters is not binding in the sense of a judgment of a court. The application for a permit is *ex parte*. If objection be offered, that does not raise a controversy between the petitioner and the objector which is submitted to the judicial authority of the city council. As the city council was not acting in the capacity of a court in the premises, there was no *case* before the city council for which a right of appeal is saved in art. V., sec. 15, of the Constitution. When the Constitution does not save the right of appeal from an inferior or special tribunal, there is no right of appeal unless expressly conferred by statute. *Whipper* v. *Talbird,* 32 S. C., 3, 10 S. E., 578. We find no express statutory authority for the present appeal from the city council. The petitioner must, therefore, seek other remedy.

The cases of *City Council* v. *Eichelberger,* 44 S. C., 351, 22 S. E., 345, and *City Council* v. *Brown,* 42 S. C., 184, 20 S. E., 56, have no application, as in those cases the city council acted as a court in the trial of offenders charged with violating the city ordinance.

The Circuit Court being without jurisdiction to entertain the appeal in this matter, and as this Court has no jurisdiction to go further than annul such decision, the other exceptions do not properly arise, and will not be considered.

The judgment of the Circuit Court is reversed for want of jurisdiction in that Court to entertain the appeal from the

action of the city council of Greenville, in refusing to approve the building permit granted by the board of fire commissioners.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*