21084·

The CITY OF COLUMBIA, Appellant, v. Patricia A. FELDER, Respondent.

(260 S. E. (2d) 453)

*Roy D. Bates* and *Danny C. Crowe,* Columbia, *for appellant.*

*W. Ralph Garris,* Columbia, *for respondent.*

November 14, 1979.

RHODES, Justice:

As a result of an automobile collision at an intersection of two Columbia streets, respondent was charged and convicted in a trial without jury of failure to yield right-of-way in violation of section 56-5-2320, South Carolina Code (1976) in the Columbia Municipal Court. Upon appeal, the Richland County Court, although it determined there was sufficient testimony on which to base a conviction, found error in a statement of the law by the trial judge during a colloquy with defense counsel and reversed the lower court's conviction. There had been no contemporaneous objection made by respondent to the trial judge's statement, nor had any exception been asserted to such statement on appeal to the County Court. We reverse.

As no objection was made by respondent during the trial to the statement of the trial judge, there was a waiver of the alleged error. *State v. Hutto,* 252 S. C. 36, 165 S. E. (2d) 72 (1968). This court has further held in *State v. Alexander,* 230 S. C. 195, 95 S. E. (2d) 160 (1956) that a question not properly raised by an appropriate exception would not be considered on appeal to the Supreme Court. These general rules are also applicable to county courts serving as courts of appeal. Section 18-3-70, South Carolina Code (1976) provides that in criminal cases appealed from a magistrate's court

[t]he appeal shall be heard by the court of general sessions *upon the grounds of exceptions made* and upon the

papers required under this chapter, without the examination of witnesses in such court. And the court may either confirm the sentences appealed from, reverse or modify it or grant a new trial, as to the court may seem meet and conformable to law. (Emphasis added.)

This section has been applied to appeals from municipal courts to courts of general sessions. *See City Council of Greenville v. Eichelburger,* 44 S. C. 351, 22 S. E. 345 (1895); *City of Greenville v. Latimer,* 80 S. C. 92, 61 S. E. 224 (1908). Under Act No. 1597, 1972 *Acts and Joint Resolutions,* the Richland County Court has concurrent jurisdiction with the court of general sessions to determine appeals in all criminal cases from municipal courts throughout the county. As the county court exercises concurrent jurisdiction with the court of general sessions, it is likewise bound to hear appeals from municipal court in the manner provided by statute and therefore may not consider a question not raised by an appropriate exception.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.