23477

The STATE, Respondent v. David WHITE, Appellant.

(409 S.E. (2d) 397)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, S.C. Office of Appellate Defense*, Columbia, *for appellant*.

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Amie L. Clifford*, and *Sol. James C. Anders*, Columbia, *for respondent*.

Submitted May 20, 1991; Decided Sept. 23, 1991.

Rehearing Denied Oct. 22, 1991.

*Per Curiam:*

After his attorney was relieved, appellant was convicted in his absence without counsel of trafficking in cocaine and possession of cocaine with intent to distribute. The following day he appeared *pro se* before the trial judge for the opening of his sealed sentence. The record fails to show that the trial judge made any finding that appellant made a knowing and intelligent waiver of his right to counsel at trial. Appellant, therefore, contends that he is entitled to a new trial. We disagree.

The State argues that this issue cannot be raised for the first time on appeal. In *State v. Williams*, — S.C. —, 401 S.E.

(2d) 168 (1991), we held that when an accused is tried in his absence, he must object to the failure to obtain a valid waiver of the right to counsel at the first opportunity. Unlike the accused in *Williams*, appellant appeared at the sentencing proceeding *pro se*. Therefore, the first opportunity appellant has had to raise this issue is on appeal.

Because there is no indication in the record that appellant knowingly and intelligently waived his right to counsel at the trial *in absentia*, this case is remanded for a determination by the trial judge of whether there was a knowing and intelligent waiver. *State v. Cash*, — S.C. —, 403 S.E. (2d) 632 (1991); *Cf. State v. Cain*, 277 S.C. 210, 284 S.E. (2d) 779 (1981); *State v. Jacobs*, 271 S.C. 126, 245 S.E. (2d) 606 (1978).

Remanded.