478 S.E.2d 88

**The CITY OF COLUMBIA, Appellant,**

v.

**John Alan WILSON, Respondent.**

No. 2577.

Court of Appeals of South Carolina.

Submitted Sept. 10, 1996.

Decided Oct. 14, 1996.

Rehearing Denied Nov. 21, 1996.

460

Dana D. Turner, of the Office of the City Attorney, Columbia, for appellant.

John A. O'Leary, Columbia, for respondent.

PER CURIAM:

The City of Columbia charged Wilson with driving under the influence. He was tried and convicted in municipal court. Wilson appealed to the circuit court, which reversed and remanded the case back to municipal court for a new trial. The City of Columbia appeals. We reverse and reinstate Wilson's conviction.

## I. Facts

Wilson had four cups of beer at Autumnfest the day of the incident. He went to the festival with a female friend, who was a passenger in his vehicle. He admitted he was not paying attention as he drove down Assembly Street because his attention was on his passenger. As he approached the intersection of Greene and Assembly Streets, Wilson rear-ended a pickup truck that was driven by Elizabeth Carpenter and was stopped at a red light. After the accident, Wilson went to the Fast Fare to call the police.

Carpenter testified Wilson got out of his truck and started to laugh. When the door opened, she noticed a heavy smell of alcohol and saw beer cans in the back of the truck on the floorboard. Wilson then disappeared from the scene for awhile.

Officer Mark Griggs of the Columbia Police Department investigated the accident. He testified Wilson walked up from

College Street a few minutes after he arrived. Wilson was unsteady on his feet and could not recite the alphabet. Although Wilson admitted he had been drinking, he denied there were any beer cans in his truck. Griggs noticed a smell, and Wilson told him he had just eaten a pickled egg at the Fast Fare. Griggs arrested Wilson for DUI and transported him to the Detention Center for a breathalyzer test. Officer Deborah Martin administered the Datamaster test and Wilson registered 0.17%.

## II. Procedure

Before Wilson's trial in municipal court, his attorney moved to redact language on the Datamaster form concerning the right to additional independent tests.[1] The municipal court judge denied the motion and admitted the Datamaster form subject to defense objection.

Other than admission of the Datamaster form into evidence, there was no other reference during the trial to independent tests or whether or not Wilson had requested additional tests.

During closing arguments, the city attorney stated "[t]he Judge is going to charge you on the presumption of impairment under our law." Defense counsel objected to the use of the phrase "presumption of impairment" and moved for a mistrial. The court denied the motion.

The municipal court judge charged the jury on the burden of proof upon the state and the inferences that can be drawn from certain breath alcohol test results. The judge also stated:

> The Breathalyzer is the device to guide to [sic] register blood alcohol content by chemical analysis of a person's breath. A doctor, a nurse can take a blood sample, that can also be analyzed. The Breathalyzer determines blood alcohol content, not by testing the blood of the individual, but by testing his breath.

Defense counsel did not object to this portion of the jury charge.

---

1. The form states, in part: "You have the right to additional, independent tests.... [Y]ou will be given reasonable assistance in contacting a qualified person, of your own choosing, to conduct any additional tests."

After the municipal court jury found Wilson guilty, he appealed to the circuit court, which reversed and remanded for a new trial. The circuit court held (1) it was error for the trial court to refuse to grant a mistrial because the use of the word "presumption" by the city attorney, combined with the Datamaster reading, impermissibly shifted the burden of proof to the defendant and (2) the trial court erred in denying the motion to redact language concerning independent tests from the Datamaster form. The court referred to the language of the form, along with a statement in the jury charge that "a doctor, nurse can take a blood sample that can also be analyzed."

### III.  Analysis

### A.  Datamaster Form

The city appeals the order reversing the conviction and remanding for a new trial. First, the city argues the circuit judge erred in reversing the municipal court conviction based on the municipal court judge's denial of Wilson's motion to redact language concerning independent testing on the Data-master form.

■ Wilson did not offer to stipulate that the test was performed pursuant to SLED procedures, or that he was advised of his statutory rights. Therefore, the city had to lay a foundation for admission of the results, including proof that all proper procedures were followed and that all statutory rights were explained to Wilson. *State v. Parker*, 271 S.C. 159, 245 S.E.2d 904 (1978) (as a general rule, the prosecution is required to lay a foundation for introduction of the results of breathalyzer tests).

Wilson argues admitting the Datamaster form with the language referring to additional independent tests violates S.C.Code Ann. § 56–5–2950(a) (Supp.1995), which states in part "[a] person's failure to request additional blood or urine tests is not admissible against the person in the criminal trial." Wilson contends the error was compounded by the trial court's reference in the jury charge to the ability of doctors and nurses to take blood samples as another means of determining blood alcohol levels.

■ First, we note Wilson failed to object to the jury charge, thereby waiving any right to later complain of error. *Vaughn v. City of Anderson,* 300 S.C. 55, 386 S.E.2d 297 (Ct.App.1989) (failure to object to the jury charge at trial waives any alleged error in regard to the charge). Accordingly, we cannot consider this issue on appeal.

■ In addition, the municipal court judge did not err in admitting the Datamaster form because it was necessary for the state to lay a proper foundation for admission of the results. Therefore, the circuit court judge erred in reversing the municipal court judge on these issues.

### B. Mistrial Motion

The city next argues the circuit court judge erred in holding the use of the word "presumption" in closing argument was grounds for a mistrial.

■ The grant or denial of a motion for mistrial lies within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *State v. Watts,* 321 S.C. 158, 467 S.E.2d 272 (Ct.App.1996). A mistrial should not be granted except in cases of manifest necessity and ought to be granted with the greatest caution for only very plain and obvious reasons. *Id.* The burden is on the movant to demonstrate error and resulting prejudice in order to justify a mistrial. *Id.* The trial court has broad discretion in dealing with the propriety of the solicitor's closing argument. *State v. McFadden,* 318 S.C. 404, 458 S.E.2d 61 (Ct.App.1995), *cert. denied,* (Mar. 21, 1996).

■ Moreover, the harmless error rule is applicable to alleged error by a trial judge in failing to grant a mistrial based upon the solicitor's jury argument. *State v. Strange,* 308 S.C. 256, 417 S.E.2d 609 (Ct.App.1992) (court need not determine whether jury charge in DUI case was an unconstitutional burden shifting charge where there was overwhelming evidence of impairment and error, if any, was harmless beyond a reasonable doubt).

■ We do not condone the use of the word "presumption" in the solicitor's closing argument. In this case, however, we cannot say the municipal court judge abused his

discretion in failing to grant a mistrial on this basis. Moreover, the record does not disclose resulting prejudice in light of the overwhelming evidence of guilt. Accordingly, we deem any error to have been harmless in this case. Finally, any alleged error was cured by the extensive jury charge on inferences raised by Datamaster results.

Accordingly, we reverse the order of the circuit judge and reinstate Wilson's conviction.

**REVERSED.**

HOWELL, C.J., CURETON and ANDERSON, JJ., concur.