564 S.E.2d 322

Glenn E. KENNEDY, Charles Wolfe, Terry Knighton, and Jerry Landford, Individually and on Behalf of a Class of Persons Similarly Situated, Appellants,

v.

The SOUTH CAROLINA RETIREMENT SYSTEM and the South Carolina Budget and Control Board, Respondents.

Supreme Court of South Carolina.

July 23, 2001.

## ORDER

Appellants have filed a petition for rehearing and a motion to allow oral argument. Respondents have filed a return, opposing appellants' petition and motion. We deny the petition and motion.

In order to prevail on a petition for rehearing, appellants must demonstrate the Court overlooked or misapprehended their argument. Rule 221(a), SCACR. The dissent argues the appellants' petition should be granted because of "one significant argument not previously considered by the Court." The argument was not considered because it was never presented to this Court. Further, there is no evidence contained in the Record on Appeal which supports the appellants' new argument. Appellants present this argument for the first time in this second petition for rehearing, even though this Court has heard this case twice before—once on appeal and once on rehearing. "The purpose of a petition for rehearing is not to present points which lawyers for the losing parties have overlooked or misapprehended, nor is it the purpose of the petition for rehearing to have the case tried in the appellate court a second time." Jean H. Toal, Shahin Vafai & Robert Muckenfuss, *Appellate Practice in South Carolina* 309 (1999) (citing *Arnold v. Carolina Power & Light Co.*, 168 S.C. 163, 167 S.E. 234 (1933)). Appellants had the opportunity to present their arguments and evidence when this case was originally heard by the trial court. Therefore, contrary to the dissent's argument, this Court should not consider appellants' previously unpresented evidence when deciding whether to grant the petition for rehearing.

The dissent argues the Court "should accept some responsibility for itself overlooking the elimination of longevity raises in its interpretation of the legislature's intent in this matter and grant rehearing in this case." We reiterate this Court's longstanding principle of error preservation. "Pre-

serving issues for appellate review is a fundamental component of appellate practice. South Carolina appellate courts do not recognize the plain error rule." *Toal, supra* at 65. The appellants have the responsibility to identify errors on appeal, not the Court. South Carolina cases clearly hold that one cannot present and try a case on one theory and then attack the result below by presenting another theory on appeal. *See Butler v. Town of Edgefield,* 328 S.C. 238, 493 S.E.2d 838 (1997). We, therefore, decline to depart from our standard issue preservation rules in order to address the longevity raises issue as the dissent suggests. As Chief Judge Alex Sanders so aptly stated, "[A]ppellate courts, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked." *State v. Austin,* 306 S.C. 9, 19, 409 S.E.2d 811, 817 (Ct.App.1991).

The appellants' petition for rehearing and motion for oral argument is denied.

s/Jean H. Toal, C.J.
s/James E. Moore, J.
s/John H. Waller, Jr., J.

Justice COSTA M. PLEICONES, not participating.

BURNETT, Justice.

I would grant appellants' motion for argument on the petition for rehearing and the petition for rehearing. The critical issue presented in *Kennedy v. South Carolina Retirement Sys.,* 345 S.C. 339, 343, 549 S.E.2d 243, 245 (Sup.Ct.2001) is whether, in 1986, the General Assembly intended to change the method of including accrued unused annual leave in the calculation of average final compensation in order to increase retirement benefits.[1] The petition for rehearing alleges at least one significant argument not previously considered by the Court in answering this question.

It is readily apparent that both the majority and dissent were greatly concerned about the impact of their decisions on

---

[1]. While the majority of the Court answered this question affirmatively in its original opinion, it answered the question negatively in its recent decision. *Kennedy v. South Carolina Retirement Sys.,* Op. No. 25133 (S.C. Sup.Ct. filed May 22, 2000) (Shearouse Adv. Sh. No. 20 at 18).

the fiscal security of the State retirement system. As part of its reasoning, the majority even asserted that because the General Assembly did not provide funding, it could not have intended to change the method of including accrued unused annual leave in the calculation of average final compensation and thereby did not approve the increase alleged by appellants. As argued for the first time in the petition for rehearing, the General Assembly eliminated the automatic longevity raises for state employees at the same time (by different provisions in the same Act) it allegedly altered the method of including accrued unused annual leave in the calculation of average final compensation for retirement benefits.[2] According to appellants, the elimination of longevity raises created the funding mechanism for the increase in retirement benefits, thereby establishing the General Assembly did intend to change the method of including accrued unused annual leave in the calculation of average final compensation and providing a corresponding increase in retirement benefits.[3]

I would grant the motion for argument on the petition for rehearing and the petition for rehearing because our Court has not had the opportunity to consider the effect of the elimination of longevity raises on its interpretation of whether the General Assembly intended to change the method by which accrued unused annual leave is included in the calculation of average final compensation. While the majority correctly notes a petition for rehearing is not to provide the

---

**2.** Appellants assert that, in spite of applicable discovery requests, they were not apprised of the statutory amendment until after the Court issued its May 2001 opinion. Respondents' discovery responses are incomplete. For instance, when questioned about methods for funding the benefit increase without seeking additional funds from the General Assembly, respondents failed to mention any savings produced by the elimination of longevity raises. Instead, respondents stated increased retirement benefits would "most likely be funded through additional contributions from current employees, additional funding from the General Assembly, and probable reductions or eliminations of cost of living increases for current retirees."

**3.** Appellants further assert that, due to the elimination of longevity raises, over the past fifteen years, the Retirement System, which has refused to interpret § 9-1-10(17) as changing the method of including accrued unused annual leave in average final compensation, has become significantly overfunded, thereby allowing past and present state employees to unfairly fund future employees' retirement.

losing party with a chance to try its case *de novo,* I believe the Court should accept some responsibility for itself overlooking the elimination of longevity raises in its interpretation of the legislature's intent in this matter and grant rehearing in this case.