556 S.E.2d 691

The STATE, Appellant,

v.

James E. HENDERSON, III, Respondent.

No. 3367.

Court of Appeals of South Carolina.

Heard May 8, 2001.

Decided July 9, 2001.

Substituted and Refiled Nov. 5, 2001.

Certiorari Denied March 22, 2002.

Leon E. Stavrinakis, of Charleston, for appellant.

Stephen P. Groves, Sr., of Charleston; and Reese I. Joye, of N. Charleston, for respondent.

## ORDER DENYING PETITION FOR REHEARING

### PER CURIAM.

After careful consideration of the Petition for Rehearing, the Court is unable to discover any material fact or principle of law that has been either overlooked or disregarded and, hence, there is no basis for granting a rehearing. It is, therefore, ordered that the Petition for Rehearing be denied and the attached opinion substituted for our previous opinion.

HEARN, C.J.

The State appeals the circuit court's reversal of James E. Henderson, III's municipal court conviction for first offense driving under the influence (DUI) and illegal possession of legal liquor. We affirm.

## FACTS AND PROCEDURAL HISTORY

In January 1996, a police officer arrested Henderson, a college student, and charged him with first offense DUI and illegal possession of legal liquor.

At Henderson's trial, the State sought to elicit testimony from the Datamaster test operator that he read Henderson the "right to refuse" warning and advised him of his right to an additional test.[1] Henderson moved to suppress any evi-

---

1. In accordance with S.C.Code Ann. § 56–5–2950 (Supp.2000), the South Carolina Law Enforcement Division Breathalyzer Operator's Test Report (the SLED report) contains an implied consent warning which a

dence indicating he had the right to have an independent test to determine his blood-alcohol level.

Citing *City of Columbia v. Wilson,* 324 S.C. 459, 478 S.E.2d 88 (Ct.App.1996), Henderson offered to stipulate that "the test was performed pursuant to SLED procedures and that he was advised of his statutory rights." As part of the objection, Henderson requested the trial judge have the "additional tests" language redacted from the SLED report. The State refused the requested stipulation but offered to redact the portions in question from the SLED report before it was admitted into evidence. The trial judge ruled the objectionable portion of the SLED report could be read into the record, but that it would be redacted before admission.

The jury found Henderson guilty on both counts. He was sentenced to 30 days in jail suspended to campus confinement for 15 weekends. Henderson appealed to the circuit court and was granted a new trial based on *Wilson.*

## SCOPE OF REVIEW

■ In criminal appeals from magistrate or municipal court, the circuit court does not conduct a *de novo* review, but instead reviews for preserved error raised to it by appropriate exception. S.C.Code Ann. § 14–25–105 (Supp.2000); S.C.Code Ann. § 18–3–70 (Supp.2000); *City of Columbia v. Felder,* 274 S.C. 12, 13, 260 S.E.2d 453, 454 (1979). In reviewing criminal cases, this court may review errors of law only. *State v. Cutter,* 261 S.C. 140, 147, 199 S.E.2d 61, 65 (1973); *State v. Head,* 330 S.C. 79, 87, 498 S.E.2d 389, 393 (Ct.App.1997).

## DISCUSSION

The State contends the circuit court judge erred in finding that the municipal court improperly permitted the State to circumvent Henderson's offer to stipulate. We disagree.

In *Wilson,* this court considered a question strikingly similar to that presented here, to wit: whether the circuit court judge erred in reversing the municipal court conviction be-

BA Operator is required to give to all persons for whom he or she is administering a BA Test.

cause the municipal court judge denied Wilson's motion to redact identical language on the Datamaster form. Because Wilson, unlike Henderson, did not offer to stipulate that the test was performed pursuant to SLED procedures or that he was advised of his statutory rights, the city was required to lay a foundation for admission of the results. Thus, reversal was not warranted in *Wilson.*

Here, however, Henderson offered to stipulate that the proper procedures were followed and that he was advised of his statutory rights. The State refused to stipulate to these facts, although it consented to redacting the language from the report that was admitted into evidence. The municipal court judge inexplicably ruled that the language would be redacted from the report but that the Datamaster operator could read the entire report to the jury. The officer recited the implied consent warning as follows to the jury:

> I must now tell you that the arresting officer has directed me to give you a breath test. I am trained and certified by the South Carolina Law Enforcement Division, SLED, to give this test. You have the right to refuse to take this test. If you refuse to take this test your privilege to drive in South Carolina must be suspended or denied for 90 days. You have the right to additional independent tests. Whether you take this breath test or not you will be given reasonable assistance in contacting a qualified person of your own choosing to conduct any additional tests. You will have to pay for additional tests.

Given the offer to stipulate by Henderson's counsel, there was no plausible reason why this language should have been read to the jury. Unlike the situation in *Wilson,* the State was not required to lay a foundation for the Datamaster test results. While we recognize that a stipulation usually involves the consent of all parties, the State's consent was not necessary here, where, by statute, "a person's . . . failure to request additional blood or urine tests is not admissible against the person in the criminal trial." § 56–5–2950(a). It was thus error for the municipal court judge to allow it to come before the jury.

Contrary to the State's argument, we are not persuaded that a different result is required by either *State v. Anderson,*

318 S.C. 395, 458 S.E.2d 56 (Ct.App.1995) or *State v. Hamilton,* 327 S.C. 440, 486 S.E.2d 512 (Ct.App.1997). In *Anderson,* the defendant was found guilty of driving under suspension (DUS), DUI, and violating the Habitual Traffic Offender Act. At trial, the defendant offered to stipulate to the jurisdiction of the court, but the solicitor refused. On appeal, Anderson argued the trial court erred in denying his motion to sever the habitual traffic offender charge from the DUS and DUI charges. While the dissent would have required the trial court to grant the motion, the majority held it could not reach the issue since it had not been preserved. Accordingly, *Anderson* cannot be read to hold that the State should not accept an offer to stipulate under the circumstances presented. in this case.

*Hamilton* is equally unavailing· to the State's position. There, this court held that the State was not required to stipulate, as requested by the defense, to Hamilton's prior burglary convictions because the previous burglaries were an element of the crime for which Hamilton was charged. We did not hold that a stipulation could never be required, however.

■ The facts presented in this case are distinguishable from those in either *Anderson* or *Hamilton.* Here, a specific legislative enactment proscribes the admission of a person's failure to request additional blood or urine tests. *Wilson* held there was no error in refusing to redact language concerning independent testing on the Datamaster form where the defendant did not offer to stipulate that proper procedures were followed and that he was advised of his statutory rights. The logical extension of *Wilson*'s holding is that where the defendant does offer to so stipulate, it is error to permit the State to introduce evidence which is barred by § 56–5–2950(a).

■ Moreover, we believe this error resulted in prejudice to Henderson given the fact that the State presented less than overwhelming evidence of Henderson's guilt. Therefore, the error was not harmless. *See State v. Sweet,* 342 S.C. 342, 349, 536 S.E.2d 91, 94 (Ct.App.2000) (finding error not harmless in light of less than overwhelming evidence).·

460

For the foregoing reasons, the circuit court judge's decision to reverse Henderson's conviction is hereby

**AFFIRMED.**

CURETON and CONNOR, JJ., concur.