THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Darrel Jackson, Appellant.
 
 
 

    

Appeal from Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2006-UP-244
Submitted May 1, 2006  Filed May 16, 2006

 AFFIRMED

 
 
 
Theo W. Mitchell, of Greenville, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Appellant Darrel Jackson appeals his conviction of animal cruelty to twelve pit bull dogs.  The conviction forfeited his right to custody and ownership of his pit bulls pursuant to S.C. Code Ann. section 47-1-170 (Supp. 2005).  According to section 47-1-150(F), the Humane Society was empowered to make humane disposition of all Jacksons vicious and dangerous pit bulls.  See S.C. Code Ann. § 47-1-150(F) (Supp. 2005).  We affirm.[1]
Facts
On October 13, 2003, Elizabeth Tilley, an employee of the City of Spartanburg Animal Control, went to 433 Farley Avenue to investigate a claim regarding thirty-one pit bulls.  When Tilley arrived, she located only twenty-one pit bulls.  She described the dogs as looking very thin with big, heavy chains.  Because Tilley could clearly see their rib cages and several of the dogs had swollen stomachs, she called a Spartanburg City Public Safety Officer.  Once the officer arrived, Tilley and the officer photographed the dogs in the backyard.  Several dogs were chained closely to their doghouses, surrounded by feces and trash.  Jacksons mother owned the house.  Jackson admitted the pit bulls belonged to him.
Based on the evidence, Tilley was granted a search warrant, which she executed on October 14 at 433 Farley Avenue.  At that time, Tilley and several other officers seized the dogs and the chains.  The chains were so heavy and cumbersome that Tilley and the officers were forced to contact the Spartanburg Public Safety Fire Department in order to use their bolt cutters.
Dr. Jean Stewart Hovis, DVM, examined the pit bulls upon their arrival at the Humane Society.  Dr. Hovis opined that all of the dogs were moderately to severely underweight and many had multiple bite marks.  Furthermore, their chains were extremely heavy and proportionally excessive to individual body mass.  Many of the chains weighed more than half of the dogs own weight.
Jackson was charged with the ill treatment of twenty-one pit bull dogs.  He was tried in magistrates court.  The jury found Jackson guilty on twelve counts and not guilty on nine counts.  Two counts were dismissed because two dogs died prior to the trial.  He was sentenced to ninety days in jail or a fine of $7,575.
Jackson appealed to the circuit judge, who upheld his convictions and sentences.  An order granting custody to the Humane Society for humane disposition of the remaining dogs was affirmed.  Jackson appeals the forfeiture of the ten living pit bulls and the Humane Societys custody for purposes of a humane disposition.  He does not challenge his conviction or any other aspect of the sentence.
Standard of Review
In criminal appeals from magistrate or municipal court, the circuit court does not conduct a de novo review, but instead reviews for preserved error raised to it by appropriate exception.  State v. Landis, 362 S.C. 97, 606 S.E.2d 503 (Ct. App. 2004); State v. Henderson, 347 S.C. 455, 556 S.E.2d 691 (Ct. App. 2001).  The appellate court reviewing the criminal appeal from the circuit court may review for errors of law only.  State v. Cutter, 261 S.C. 140, 199 S.E.2d 61 (1973); Henderson, 347 S.C. at 457, 556 S.E.2d at 692.  In criminal cases, the court of appeals sits to review errors of law only and is bound by the factual findings of the trial court unless clearly erroneous.  State v. Patterson, 367 S.C. 219, 625 S.E.2d 239 (Ct. App. 2006); Landis, 362 S.C. at 101, 606 S.E.2d at 505.
Discussion

I.  The Order

An argument not raised to and ruled upon by the trial court is not preserved for review.  See State v. Simmons, 360 S.C. 33, 599 S.E.2d 448 (2004) (noting that, to be preserved for appellate review, issue must be raised and ruled upon in the trial court).  The appellant has the responsibility to identify errors on appeal, not the court.  Kennedy v. South Carolina Ret. Sys., 349 S.C. 531, 532-33, 564 S.E.2d 322, 322-23 (2001).  This court has consistently refused to apply the plain error rule.  Jackson v. Speed, 326 S.C. 289, 306, 486 S.E. 2d 750, 759 (1997).  An issue that was not preserved for review should not be addressed by the Court of Appeals.  State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003).
In the case sub judice, no objection was raised in magistrates court that seizure of the abused animals was improper on statutory or constitutional grounds.  During his sentencing, Jackson failed to move to alter or amend the order that contemplated the destruction of the dogs by the Humane Society. No objection was made challenging the Humane Societys command over the dogs.  Even if the issue were preserved, it would be meritless.
South Carolina Code Annotated section 47-1-170 states: The owner or person having charge or custody of an animal cruelly used who is convicted of any violation of this chapter forfeits ownership, charge, or custody of the animal.  S.C. Code Ann. § 47-1-170 (Supp. 2005).  Section 47-1-150(F)(2) provides: The officer or agent of any county or of the South Carolina Society for the Prevention of Cruelty to Animals, or of any society incorporated for that purpose, taking charge of an animal as provided for in this section shall provide for the animal until . . . [t]he animal is turned over to the officer or agent as provided in Section 47-1-170 and a humane disposition of the animal is made.  S.C. Code Ann. § 47-1-150(F)(2) (Supp. 2005).
Jackson disputes the Humane Societys authority to take custody of and dispose of the animals but fails to cite authority requiring the magistrates order to make findings of fact regarding the forfeiture in section 47-1-170.

II.  Substantial  Evidence

Jackson argues that no evidence supports the forfeiture and destruction of his pit bulls.  The testimony of Tilley and Dr. Hovis, along with the pictures of the dogs, were sufficient for a jury to convict.  There is substantial evidence to support his convictions.

III.  Abuse of Discretion

Jackson contends the magistrates court abused its discretion.  Citing Chemical Leaman Tank Lines, Inc. v. South Carolina Pub. Serv. Commn, 258 S.C 518, 189 S.E.2d 296 (1972), Jackson argues the forfeiture is arbitrary and capricious as a matter of law.  Chemical Leaman Tank Lines is inapplicable because it merely states the scope of review of an action by the Public Service Commission is an administrative law action.  Id.  In addition, Jackson cites State v. Hamilton, 344 S.C. 344, 543 S.E.2d 286 (Ct. App. 2001), overruled by State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005).  Jackson did not articulate his purpose for citing Hamilton.
Jacksons reliance on State v. Preslar, 364 S.C. 466, 613 S.E.2d 381 (Ct. App. 2005), is misplaced.  Preslar addressed the admissibility of a pending charge of criminal sexual conduct with a minor in a trial for the charge of intimidation of a witness where the witness was the victim of the criminal sexual conduct.  Id.  The charge was found admissible under res gestae.  Jacksons reasoning is wholly without merit or logic.

IV.  Constitutional Issue

Jackson asserts the phrase take whatever steps it deems proper to dispose of the dogs is unconstitutional, broad, vague, arbitrary and capricious.
A constitutional argument is not preserved for appeal where appellant failed to argue the constitutional basis for his request at trial.  State v. Byram, 326 S.C 107, 112-113, 485 S.E.2d 360, 362-63 (1997).  Moreover, one to whose conduct the law clearly applies does not have standing to challenge on constitutional vagueness.  State v. Michau, 355 S.C. 73, 583 S.E.2d 756 (2003).  The evidentiary record revealed the dogs were subject to animal cruelty.  Likewise, the evidence shows that Jackson was unfit to care for the pit bulls.  Even Jackson averred that them dogs are real aggressive.
Because Jacksons arguments on the constitutionality of the statute are conclusory, the issue should be deemed abandoned on appeal.  See State v. Tyndall, 336 S.C. 8, 518 S.E.2d 278 (Ct. App. 1999) (stating conclusory argument in brief constitutes abandonment of issue on appeal).

V.  Custody

Jackson argues the dogs custody and destruction by the Humane Society contradicts the purpose of the animal cruelty act.  This assertion is
meritless.
Other than stating in his brief that the animals were illegally seized, Jackson made no objection at trial.  The purpose of the statute is to prevent acts of cruelty including: malnourishment, lack of proper medical care, lack of shelter, overloading with heavy chains, and allowing the dogs to inflict injuries upon each other.
The humane destruction of animals unfit for adoption is not animal cruelty as defined by the statute but an appropriate use of police power to protect the public.  Sentell v. New Orleans & Carrollton RR. Co., 166 U.S. 698 (1897) (finding legislators may permit the destruction of dogs for safety and protection of citizens).  Section 47-1-170 clarifies that humane disposition is done to prevent further animal cruelty and to protect society from dangerous animals.
Conclusion
Accordingly, Jacksons convictions and sentences are
 AFFIRMED.
HEARN, C.J., GOOLSBY and ANDERSON, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.