**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Richard Alan Wells, Appellant.

Appellate Case No. 2014-002312

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-106
Submitted January 1, 2016 – Filed March 2, 2016

**AFFIRMED**

Paul L. Reeves, of Reeves Law Firm, LLC, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia; and Solicitor Kevin Scott Brackett, of York,
for Respondent.

**PER CURIAM:** Richard Alan Wells appeals his conviction for driving under the influence (DUI), arguing (1) the circuit court erred in failing to dismiss the charge because the video recording did not capture all of his "conduct" as required by S.C.

Code Ann. § 56-5-2953(A) (Supp. 2015), (2) the circuit court erred in failing to properly consider the arresting officer's testimony that Wells's demeanor when he exited his vehicle was a cue he observed to determine if Wells was under the influence, and (3) the circuit court erred by failing to dismiss the charge because his due process rights were violated by the arresting officer's conscious decision to move his vehicle, which omitted potentially exculpatory evidence, including Wells exiting his vehicle. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues 1 and 2: *State v. Taylor*, 411 S.C. 294, 299, 768 S.E.2d 71, 74 (Ct. App. 2014) ("In criminal appeals from magistrate . . . court, the circuit court does not conduct a *de novo* review, but instead reviews for preserved error raised to it by appropriate exception." (quoting *State v. Henderson*, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001))); *State v. Whitner*, 399 S.C. 547, 552, 732 S.E.2d 861, 863 (2012) ("Questions of statutory interpretation are questions of law, which are subject to *de novo* review and [this court] [is] free to decide without any deference to the court below."); S.C. Code Ann. § 56-5-2953(A) (Supp. 2015) (requiring that a person charged with DUI "must have his conduct at the incident site and the breath test site video recorded"); S.C. Code Ann. § 56-5-2953(A)(1)(a) (Supp. 2015) ("The video recording at the incident site must: (i) not begin later than the activation of the officer's blue lights; (ii) include any field sobriety tests administered; and (iii) include the arrest of a person for a violation of [s]ection 56-5-2930 or [s]ection 56-5-2933, or a probable cause determination in that the person violated [s]ection 56-5-2945, and show the person being advised of his Miranda[2] rights."); *Taylor*, 411 S.C. at 305, 768 S.E.2d at 77 ("[T]he plain language of the statute does not require the video to encompass every action of the defendant, but requires video of each event listed in the statute."); *id.* at 306, 768 S.E.2d at 77 ("The plain language of the statute demonstrates the legislature intended video recording of the majority of an officer's encounter with a potential DUI suspect."); *id.* at 305-06, 768 S.E.2d at 77 (stating the purpose of the DUI recording statute is to create direct evidence of a DUI arrest and to capture the person's arrest and the officer issuing Miranda warnings, which "serves to protect important rights of the defendant"); *id.* at 306, 768 S.E.2d at 77 ("[I]nterpreting the statute to require dismissal of the charges when the defendant is off camera for a short period of time and the gap does not occur during any of those events that either create direct evidence of a DUI or serve important rights of the defendant would result in an absurdity that could not possibly have been intended by the legislature.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2.  As to whether the arresting officer's failure to record potentially exculpatory evidence violated Wells' due process rights:  *Smith v. NCCI, Inc.*, 369 S.C. 236, 247-48, 631 S.E.2d 268, 274 (Ct. App. 2006) ("When a trial court does not explicitly rule on an argument raised, and the appellant makes no Rule 59(e), SCRCP, motion to obtain a ruling, the appellate court may not address the issue."); *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15-16, 646 S.E.2d 879, 880-81 (2007) (finding an issue was unpreserved when the circuit court, reviewing the magistrate judge's order, did not address an issue raised to the magistrate judge and the appellant did not file a Rule 59(e) motion to reconsider).

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**