**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Charles E. Stubbs, Appellant,

v.

South Carolina Department of Employment Workforce and JSE, LLC, Respondents.

Appellate Case No. 2015-001490

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

Unpublished Opinion No. 2017-UP-161
Heard February 14, 2017 – Filed April 19, 2017

**AFFIRMED IN PART AND VACATED IN PART**

Kirby Rakes Mitchell, of Greenville, and Jack E. Cohoon, of Columbia, both of South Carolina Legal Services, for Appellant.

Maura Dawson Baker, E.B. "Trey" McLeod, III, and Debra Sherman Tedeschi, all of Columbia, for Respondent South Carolina Department of Employment Workforce.

**PER CURIAM:** Charles E. Stubbs appeals the administrative law court's (ALC) decision affirming the Appellate Panel of the South Carolina Department of Employment Workforce's (the Department) finding his appeal of the denial of his unemployment benefits untimely. Stubbs asserts his appeal was timely because he placed his appeal in the mail within ten days of notification of the Department's decision as required by regulation. We affirm in part and vacate in part.

"Error preservation principles are intended to enable the trial court to rule after it has considered all relevant facts, law, and arguments. The rationale for the rule is that until the trial court considers the matter and makes a ruling, an appellate court is unable to find error." *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 372-73, 628 S.E.2d 902, 919 (Ct. App. 2006) (citation omitted). "Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review." *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (quoting *Queen's Grant II Horizontal Prop. Regime*, 368 S.C. at 373, 628 S.E.2d at 919). "[A]n appellate court cannot address an issue unless it was raised to, and ruled upon by, the trial court." *Smith v. Phillips*, 318 S.C. 453, 455, 458 S.E.2d 427, 429 (1995) (per curiam). The record must show an issue was raised in the trial court for it to be preserved for our review. *Zaman v. S.C. State Bd. of Med. Exam'rs*, 305 S.C. 281, 285, 408 S.E.2d 213, 215 (1991).

"As in other appellate matters, we require issue preservation in administrative appeals." *Home Med. Sys., Inc. v. S.C. Dep't of Revenue*, 382 S.C. 556, 562, 677 S.E.2d 582, 586 (2009). "[I]issues not raised to and ruled on by the agency are not preserved for judicial consideration." *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002); *see also Carson v. S.C. Dep't of Nat. Res.*, 371 S.C. 114, 120, 638 S.E.2d 45, 48 (2002) (per curiam) (providing a court sitting in an appellate capacity may not consider issues not raised or ruled on by an administrative agency); *Kiawah Resort Assocs. v. S.C. Tax Comm'n*, 318 S.C. 502, 505, 458 S.E.2d 542, 544 (1995) (finding a court sitting in an appellate capacity may not consider issues not raised or ruled on by an administrative agency). The Department is an agency. *See AnMed Health v. S.C. Dep't of Emp't & Workforce*, 404 S.C. 224, 227, 743 S.E.2d 854, 856 (Ct. App. 2013) (noting the South Carolina Employment Security Commission's (the Commision) functions were transferred to the Department by Act No. 146, 2010 S.C. Acts 1168); *McEachern v. S.C. Emp't Sec. Comm'n*, 370 S.C. 553, 557, 635 S.E.2d 644, 646 (Ct. App. 2006) ("The Commission is an agency governed by the Administrative Procedures Act (APA)."); *Todd's Ice Cream, Inc. v. S.C. Emp't Sec.*

*Comm'n*, 281 S.C. 254, 257, 315 S.E.2d 373, 375 (Ct. App. 1984) ("[T]he South Carolina Employment Security Commission is clearly an 'agency' within the meaning of [s]ection 1-23-310(1).").

Stubbs argued in his brief to the ALC that regulation 47-52(A)(1) of the South Carolina Code[1] set the deadline for appealing the Department's decision as ten days from when he received *notification* of the decision, unlike the statute, section 41-35-660 of the South Carolina Code,[2] which only provided he had ten days from the date of *mailing*. The ALC ruled the regulation added to the statute and thus, only the date of mailing, as provided by statute, could be considered. However, Stubbs had not raised this issue to the Appellate Panel. In his brief to the Appellate Panel, he simply quoted the regulation as stating an appeal should be filed at the Commission's Office within ten days after the date of notification or mailing of the decision of the Department. He further stated "both the regulation and the notice are ambiguous as to whether the appeal must be received within ten calendar days of the *mailing date* of the decision, or whether it is sufficient to simply place the appeal in the mail within this timeframe." (emphasis added).

Stubbs never argued to the Appellate Panel the regulation set the deadline for appealing the decision as ten days from when he received notification of the decision instead of from when the Department mailed it. Concomitantly, the Appellate Panel did not rule on this argument. Accordingly, this argument was not properly before the ALC. Therefore, the ALC should not have ruled on this issue,

---

[1] The regulation provides:

> Any party aggrieved by the decision of an Appeal Tribunal, may apply for leave to appeal from such decision to the Appellate Panel, by filing at the office where the claim was filed, or at the office of the Appellate Panel in Columbia, South Carolina, *within ten (10) calendar days after the date of notification or mailing of the decision of the Appeal Tribunal*, an Application for Leave to Appeal . . . .

S.C. Code Ann. Regs. 47-52(A)(1) (2011) (emphasis added).
[2] The statute provides: "The claimant . . . may file an appeal from an initial determination, redetermination, or subsequent determination *not later than ten days after the determination was mailed* to his last known address." S.C. Code Ann. § 41-35-660 (Supp. 2016) (emphasis added).

and the portion of the ALC's order pertaining to this issue is vacated.  *See Ulmer v. Ulmer*, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) ("When an appellate court rules on an issue not preserved for appellate review, the portion of the appellate court's opinion pertaining to the unpreserved issue should be vacated."); *see also Hendrix v. E. Distribution, Inc.*, 320 S.C. 218, 219, 464 S.E.2d 112, 113 (1995) (vacating a court of appeals' opinion to the extent it addressed an issue that was not preserved for review).

The ALC also affirmed the Appellate Panel's determination Stubbs mailed his appeal on June 29, the date the envelope was postmarked, and thus, the appeal was not timely filed within ten days of the date of mailing of the Department's decision. Stubbs did not challenge this in his final brief to this court.[3]  Stubbs's brief contained one paragraph mentioning this finding was error, arguing the statute must be liberally construed.  Stubbs's sole argument in his statement of issues on appeal only asserted the regulation provides an additional start date for the ten-day deadline.

"The appellants have the responsibility to identify errors on appeal, not the [c]ourt. . . .  As Chief Judge Alex Sanders so aptly stated, '[A]ppellate courts, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked.'"  *Kennedy v. S.C. Ret. Sys.*, 349 S.C. 531, 533, 564 S.E.2d 322, 323 (2001) (last alteration by court) (quoting *State v. Austin*, 306 S.C. 9, 19, 409 S.E.2d 811, 817 (Ct. App. 1991)).  "A ruling not challenged on appeal is the law of the case, regardless of the correctness of the ruling."  *S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control*, 363 S.C. 67, 76, 610 S.E.2d 482, 487 (2005).  "An issue is deemed abandoned if the argument in the brief is only conclusory."  *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000); *see also State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned), *aff'd as modified on other grounds*, 337 S.C. 622, 525 S.E.2d 246 (2000).  Further, "[o]rdinarily, no point will be considered which is not set forth in the statement of the issues on appeal."  Rule 208(b)(1)(B), SCACR.  Accordingly, this court cannot consider on appeal whether the ALC erred in affirming the Appellate Panel's decision that Stubbs mailed the appeal on June 29, the date of the postmark, and

---

[3] Stubbs asserted at oral argument he was challenging this issue.  "An appellant may not use . . . oral argument . . . as a vehicle to argue issues not argued in the appellant's brief."  *Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989).

thus, his appeal was late as it was not filed within ten days of the date of mailing of the Department's decision.  Therefore, we affirm the remainder of the ALC's order.

**AFFIRMED IN PART AND VACATED IN PART.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**