# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

John Henry Dial Jr., Petitioner.

Appellate Case No. 2017-002205

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Richland County
G. Thomas Cooper Jr., Circuit Court Judge

---

Opinion No. 27939
Submitted September 16, 2019 – Filed January 29, 2020

---

## REMANDED

---

John Henry Dial Jr., of Columbia, pro se Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch Jr., and Interim Solicitor Heather S. Weiss, all of Columbia, for Respondent.

---

**JUSTICE FEW:** The record in this criminal appeal does not reflect whether the magistrates court obtained a valid waiver of the right to counsel before proceeding to the trial of this unrepresented defendant. We remand to the circuit court for an evidentiary hearing to determine whether the defendant knowingly and intelligently waived his right to counsel.

## I.    Facts and Procedural History

John Henry Dial Jr. was charged in magistrates court with three counts of assault and battery in the third degree arising from an incident in which two adults and one minor were sprayed with pepper spray.  Dial appeared in court several times before trial, each time without counsel.  He pled not guilty and requested a jury trial.

The record on appeal does not include transcripts of Dial's pre-trial appearances.  The magistrate states in the return, however, he advised Dial on three separate occasions before trial of his right to be represented by an attorney.  Each time, Dial requested to represent himself.  The return is silent as to whether the magistrate advised Dial of the dangers of representing himself.

Dial testified in his defense and denied spraying any of the victims with pepper spray.  The jury returned a verdict of guilty on two counts of assault and battery in the third degree but found Dial not guilty on the count for spraying the minor.  The magistrates court sentenced Dial to sixty days in jail.

Dial retained counsel to appeal his conviction to the circuit court.  He argued, among other things, "[Dial] was not represented by counsel and did not waive his right to counsel."  At the hearing in the circuit court, Dial's counsel stated, "There is no evidence in the return or in the transcript that the trial judge properly warned [Dial] under *Faretta v. California* of the dangers of proceeding pro se."  The circuit court affirmed Dial's conviction.

Dial appealed to the court of appeals.  The court of appeals affirmed Dial's conviction in an unpublished opinion pursuant to Rule 220(b), SCACR.  *State v. Dial*, Op. No. 2017-UP-339 (S.C. Ct. App. filed Aug. 9, 2017).  The opinion included a string cite listing two cases with parenthetical quotes stating a circuit court may not consider issues that were not presented to the magistrate.  Though the opinion contained no narrative explanation, it is clear the court of appeals found Dial's argument that he did not waive his right to counsel was not preserved for appellate review.

## II.    Issue Preservation

It is firmly established law that, ordinarily, an issue must be presented to the trial court or it is not preserved for appellate review.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial

court will not be considered on appeal."); *State v. Watts*, 321 S.C. 158, 167, 467 S.E.2d 272, 278 (Ct. App. 1996) ("To be preserved for appellate review, an issue must be both presented to and passed upon by the trial court."). As the court of appeals recognized, this established rule applies in appeals from magistrates court to circuit court. *See State v. Henderson*, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) ("In criminal appeals from magistrate . . . court, the circuit court . . . reviews for preserved error raised to it by appropriate [objec]tion." (citing *City of Columbia v. Felder*, 274 S.C. 12, 13, 260 S.E.2d 453, 454 (1979))).

As the court of appeals apparently did not recognize, however, this rule does not apply in all situations. Dial requested to proceed without an attorney. It would be counterintuitive to expect a defendant who requests to go forward unrepresented to challenge the trial court's authority to permit him to do so. Rather, "It is the responsibility of the trial judge to conduct a hearing to determine whether an accused's request to proceed *pro se* is accompanied by a knowing and intelligent waiver of the right to counsel." *State v. Cash*, 304 S.C. 223, 224, 403 S.E.2d 632, 633 (1991).

Nevertheless, in *State v. White*, 305 S.C. 455, 409 S.E.2d 397 (1991), the State argued an unrepresented defendant failed to preserve the voluntariness of his waiver of counsel to the trial court, and "this issue cannot be raised for the first time on appeal." 305 S.C. at 455, 409 S.E.2d at 397. We disagreed, explaining "the first opportunity [the defendant] has had to raise this issue is on appeal." 305 S.C. at 456, 409 S.E.2d at 397. We later stated, "A notable exception to this general rule requiring a contemporaneous objection is found when the record does not reveal a knowing and intelligent waiver of the right to counsel. The *pro se* defendant cannot be expected to raise this issue without the aid of counsel." *State v. Rocheville*, 310 S.C. 20, 25 n.4, 425 S.E.2d 32, 35 n.4 (1993) (citing *Cash*, 304 S.C. at 224, 403 S.E.2d at 633); *see Ex parte Jackson*, 381 S.C. 253, 261 n.3, 672 S.E.2d 585, 589 n.3 (Ct. App. 2009) (quoting *Rocheville* and finding defendant was not required to preserve issue of whether she knowingly and intelligently waived her right to counsel); *see also Brown v. State*, 317 S.C. 270, 273, 453 S.E.2d 251, 253 (1994) (Finney, J., concurring) (stating, "while this Court will not ordinarily consider the issue whether a defendant has knowingly and voluntarily waived a constitutional right for the first time on appeal, we will continue to entertain the claim when it relates to the issue of waiver of the right to counsel").

Dial was not required to raise to the magistrates court—without the aid of counsel—the validity of his waiver of counsel. The court of appeals erred in misunderstanding that he was.

## III. Waiver of Right to Counsel

The Sixth Amendment to the United States Constitution guarantees an accused's right to the assistance of counsel. U.S. CONST. amend. VI; *Gideon v. Wainwright*, 372 U.S. 335, 339, 83 S. Ct. 792, 794, 9 L. Ed. 2d 799, 802 (1963). A defendant may waive his right to counsel, but he must do so knowingly and intelligently. *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562, 581 (1975). For a knowing and intelligent waiver to occur, the defendant must be "(1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation." *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990) (citing *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541, 45 L. Ed. 2d at 581-82). The burden is on the State to demonstrate the validity of a defendant's waiver of his right to counsel. *Brewer v. Williams*, 430 U.S. 387, 404, 97 S. Ct. 1232, 1242, 51 L. Ed. 2d 424, 439-40 (1977); *see United States v. Cash*, 47 F.3d 1083, 1088 (11th Cir. 1995) ("On direct appeal, the government bears the burden of proving the validity of the waiver.").

The record in this case does not contain transcripts of Dial's pre-trial appearances. The only information available in the record regarding what occurred in these pre-trial appearances is the magistrate's return, which is silent as to whether the magistrate advised Dial of the dangers of proceeding without counsel.[1] Thus, the record contains no evidence the magistrate explained to Dial the dangers of self-representation.

The State argues it was Dial's burden to provide the Court with an adequate record to review the issue on appeal. We disagree. Dial contends the record does not reflect a valid waiver. If Dial is correct, it would be impossible for Dial to put in the record a transcript of what did not occur. If Dial is incorrect, the State should have put the necessary information in the record to demonstrate what did occur. We are not persuaded Dial failed to preserve his issue by not putting events in the record that Dial contends did not occur.

---

[1] When a magistrates court prepares a return in a case in which the court conducted a hearing to determine whether a defendant knowingly and voluntarily waived the right to counsel, the court must explain in the return the steps it took to comply with the requirements of *Faretta* and *Prince*, including the court's explanation to the defendant of the dangers of self-representation and the court's findings as to whether the defendant understood those dangers.

The State also argues the record indicates Dial had the requisite understanding to properly represent himself. The State makes two points. First, it contends that other facts in the record demonstrate Dial's waiver was knowing and voluntary. *See Watts*, 347 S.C. at 402, 556 S.E.2d at 370 ("If the trial judge fails to address the disadvantages of appearing *pro se*, as required by the second prong of *Faretta . . .* , 'this Court will look to the record to determine whether petitioner had sufficient background or was apprised of his rights by some other source.'" (quoting *Prince*, 301 S.C. at 424, 392 S.E.2d at 463)). The State argues he was almost thirty-four years old at the time of trial; there was no indication he had any physical or mental impairment; he was on probation from a prior conviction, indicating he had some exposure to the legal system; and he indicated on several forms that the charges against him were three counts of third degree assault, demonstrating an awareness of the charges against him. We find this evidence insufficient to demonstrate Dial made a knowing and voluntary waiver.

Second, the State argues Dial demonstrated the ability to "fully participate in his trial" by conducting an opening statement, directing and cross-examining witnesses, and objecting to the admission of certain evidence. The State contends this indicates Dial "knew of the significance of the trial and the ability to present a defense." This is not a valid argument. *See State v. Samuel*, 422 S.C. 596, 603, 813 S.E.2d 487, 491 (2018) (stating "whether a defendant is capable of effectively representing himself has no bearing upon his ability to elect self-representation" (citing *Godinez v. Moran*, 509 U.S. 389, 400, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321, 332-33 (1993))); *see also United States v. Williams*, 629 F. App'x 547, 552 (4th Cir. 2015) (stating "a criminal defendant's ability to represent himself has no bearing upon his competence to choose self-representation." (citing *Godinez*, 509 U.S. at 400, 113 S. Ct. at 2687, 125 L. Ed. 2d at 332-33)); 21A AM. JUR. 2d *Criminal Law* § 1126 (2016) ("The competency required of a defendant seeking to waive the right to counsel is the competence to waive the right, not the competence to represent oneself. Thus, the trial court may not measure the defendant's competence to waive his or her right to counsel by evaluating the defendant's technical legal knowledge or his or her ability to represent him- or herself." (footnotes omitted)).

In *State v. Dixon*, 269 S.C. 107, 236 S.E.2d 419 (1977), we held, in the absence of evidence of a knowing and intelligent waiver of the right to counsel, a defendant is entitled to a remand to the trial court for a factual determination as to whether the waiver was knowingly and intelligently made. 269 S.C. at 109, 236 S.E.2d at 420-21. Similarly, we remand Dial's case to the circuit court for the court to conduct an evidentiary hearing pursuant to *Dixon* to determine whether Dial knowingly and intelligently waived his right to counsel. At this hearing, both the prosecution and

the defense are permitted to present evidence on the issue, and if the trial court finds the waiver was not knowing and intelligent, it shall grant the defendant a new trial. 269 S.C. at 109, 236 S.E.2d at 421. Alternatively, if the trial court determines "the waiver was intelligently made, an order dismissing the appeal shall be made by this Court." *Id.*

**REMANDED**.

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**