**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daniel McMichael Belk, Appellant.

Appellate Case No. 2020-001105

———————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-089
Submitted January 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Michael Langford Brown, Jr., of MLB Law, of Rock Hill, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

———————

**PER CURIAM:** Daniel McMichael Belk appeals his conviction of driving under the influence (DUI), first offense. On appeal, Belk argues the circuit court erred in affirming the magistrate's denial of his motion to dismiss because the arresting

officer failed to properly advise him of his *Miranda*[1] rights as required under section 56-5-2953 of the South Carolina Code (2018).  We affirm.

Because the proper remedy under section 56-5-2953 for a *Miranda* violation was the suppression of Belk's statements and not a per se dismissal of his DUI charge, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Henderson*, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) ("In reviewing criminal cases, this court may review errors of law only."); § 56-5-2953(A)(1)(a)(iii) (stating that a video recording of an individual charged under S.C. Code Ann. § 56-5-2930 (2018) must be made showing the arrest and the person being advised of his *Miranda* rights); *State v. Taylor,* 436 S.C. 28, 38, 870 S.E.2d 168, 173 (2022) ("[W]hen the statutory *Miranda* requirement is not satisfied, suppression of 'tainted' evidence—not per se dismissal of the DUI charge—is the proper remedy."); *id.* ("*Miranda* is a constitutional construct that mandates suppression of evidence in certain circumstances, not per se dismissal of the underlying charge.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.