**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Louie Weathers, Appellant.

Appellate Case No. 2020-001524

---

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-110
Submitted January 1, 2023 – Filed March 22, 2023

---

**REVERSED**

---

Jerry Nicholas Theos and John Horton Guerry, both of
Theos Law Firm, LLC, of Charleston, and Dayne C.
Phillips, of Price Benowitz, LLP, of Columbia, all for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia, for Respondent.

---

**PER CURIAM:** Louie Weathers appeals the circuit court's final order reversing the magistrate court's order dismissing the charges against him. On appeal, Weathers argues the circuit court erred in reversing the magistrate court's dismissal of his criminal charges based on the State's failure to timely disclose material evidence. We hold the circuit court erred when it reversed the magistrate's order by considering issues not raised to it and making its own factual findings. Thus, we reverse the circuit court's order pursuant to Rule 220(b), SCACR, and the following authorities: Rule 5(d)(2), SCRCrimP ("If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances."); *State v. Henderson*, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) ("In criminal appeals from magistrate . . . court, the circuit court does not conduct a de novo review, but instead reviews for preserved error raised to it by appropriate exception."); *State v. Scipio*, 283 S.C. 124, 126, 322 S.E.2d 15, 17 (1984) (explaining that sanctions for noncompliance with disclosure rules are within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion); *State v. Foster*, 354 S.C. 614, 621, 582 S.E.2d 426, 429 (2003) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."); Rule 5(a)(3), SCRCrimP ("The prosecution shall respond to the defendant's request for disclosure no later than thirty (30) days after the request is made, or within such other time as may be ordered by the court.").

**REVERSED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.