23194

The STATE, Respondent v. Kevin Andrew KINNER, Appellant.

(391 S.E. (2d) 251)

Supreme Court

*Dale T. Cobb, Jr.* of *Belk, Cobb & Chandler, P.A.,* Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Joseph P. Mizzell, Jr.,* Orangeburg, *for respondent.*

Heard March 9, 1990.

Decided April 16, 1990.

*Per Curiam:*

Appellant Kevin Andrew Kinner was convicted of felony driving under the influence. He was sentenced to eight years imprisonment and fined $5,000. We affirm.

Appellant was involved in an automobile accident which resulted in serious injuries for him and the driver of another automobile. Appellant was taken to the hospital where a

blood sample drawn two hours after the accident for medical purposes revealed a blood alcohol level of .306. A subsequent test reflected a blood alcohol level of .297. Appellant was never given a breathalyzer test.

In his jury instructions, the trial judge charged the jury pursuant to § 56-5-2950(b) which, at the time of the offense, provided in part:

In any criminal prosecution for the violation of § 56-5-2930 relating to driving a vehicle under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time of the alleged violation *as shown by chemical analysis of the defendant's breath,* shall give rise to the following presumptions . . . (emphasis added).

Appellant objected to the charge and moved for a mistrial on the grounds that § 56-5-2950(b) was inapplicable since his blood alcohol level was not tested by a breathalyzer. The objection was overruled and the motion denied.

Appellant contends the trial judge ignored the ruling in *State v. Carrigan,* 284 S.C. 610, 328 S.E. (2d) 119 (Ct. App. 1985), and that his rights to due process and a fair trial were prejudiced by the jury instructions. In *Carrigan,* the Court of Appeals held it was reversible error for the trial judge to instruct the jury pursuant to § 56-5-2950(b) when no chemical analysis was performed on the defendant's breath.

This Court finds the jury instructions violative of the holding in *Carrigan.* Nevertheless, we determine such error to be harmless beyond a reasonable doubt because the record evinces overwhelming evidence which supports appellant's conviction and distinguishes this case from *Carrigan. See State v. Atkins,* 293 S.C. 294, 360 S.E. (2d) 302 (1987); and *State v. Woods,* 189 S.C. 281, 1 S.E. (2d) 190 (1939). First, there was expert testimony that appellant's blood alcohol level would impair an individual's ability to drive. Second, there was eyewitness testimony of appellant's erratic driving just prior to the accident and testimony that the appellant exuded a strong odor of alcohol.

Furthermore, the trial judge, in accordance with prior decisions of this Court, modified his charge to indicate that

the contested portion of § 56-5-2950 would not rise to the level of a presumption.

We conclude that the overwhelming evidence of appellant's impairment renders the trial judge's erroneous instruction harmless. Appellant's conviction and sentence are affirmed.