1795

The STATE, Respondent v. Gary Wayne STRANGE, Appellant.

(417 S.E. (2d) 609)

Court of Appeals

*Asst. Appellate Defender, Tara Dawn Shurling, of S.C. Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., E. Jean Howard, and Alexandria Broughton Skinner, Columbia, and Sol. Larry F. Grant, York, for respondent.*

Heard March 11, 1992.

Decided March 30, 1992.

GOOLSBY, Judge:

Gary Wayne Strange appeals his conviction for driving under the influence. The issue on appeal relates to a jury charge. We affirm.

On September 2, 1990, around 1:30 a.m., the police stopped a car driven by Strange at a license check. The stopping officer, Officer Jamison, detected the odor of alcohol about Strange.

After asking Strange to pull off the road and step outside the car, Officer Jamison administered an eye nystagmus test.

During the test, Strange continuously moved his head to follow a pen instead of using his eyes as Officer Jamison had instructed him to do.

Officer Jamison also noticed Strange's eyes were red and bloodshot and his speech was slightly slurred. Strange additionally had difficulty walking and slightly stumbled when Officer Jamison asked him to walk to the car of another officer, Officer Blair. In fact, the two officers had to hold Strange to keep him steady.

Like Officer Jamison, Officer Blair detected a strong odor of alcohol about Strange. He determined it would be unsafe to conduct any further field sobriety tests because of Strange's problems with standing and walking.

Officer Blair then arrested Strange for driving under the influence and took him to the police department. He placed Strange in a cell to await the taking of a breathalyzer test. While in the cell, Strange fell asleep.

About an hour later when it came time for Strange to take the breathalyzer, the officers had to awaken Strange.

The breathalyzer operator also noted Strange had a strong odor of alcohol "on his person or breath," he had difficulty maintaining his balance, his speech was slurred, and his eyes were bloodshot. Strange's reading on the breathalyzer was 0.14 percent of blood alcohol content.[1]

We need not determine whether the jury charge about which Strange complains[2] was an unconstitutional burden-

---

[1] S.C. Code Ann. § 56-5-2950(b)(3) (1991) provides:

> If there was at [the time of the alleged violation] ten one-hundredths of one percent or more by weight of alcohol in the person's blood, it may be inferred that the person was under the influence of alcohol.

[2] The jury charge complained of is as follows:

> Now the law further provides that if a driver tested registers .10 or more at the time, an inference may arise that the driver had had so much to drink that he is under the influence, in other words, you, the jury, may infer from the breathalyzer alone that a person is under the influence. That's an inference which you are permitted to draw, but you are not required to draw from that inference. It is a rebuttable inference, in other words, if a defendant registered a .10 or more, then you, the jury, on the basis of other evidence may find that despite such inference he was sufficiently in good control of his faculties that he could operate a car with reasonable safety. In other words, that his ability to operate was not materially or appreciably impaired. The breathalyzer results are evidence which should be considered by you along with all of the other evidence in the case.

shifting charge. *Cf. State v. Patrick*, 289 S.C. 301, 345 S.E. (2d) 481 (1986) (wherein our Supreme Court noted that jury instructions creating a burden-shifting presumption are unconstitutional and admonished trial judges that it is best to never use words such as "rebuttable" in any jury charge), *overruled in part on other grounds, Casey v. State*, — S.C. —, 409 S.E. (2d) 391 (1991); *State v. Key*, 282 S.C. 413, 319 S.E. (2d) 338 (1984) (wherein our Supreme Court reversed a conviction for possession of marijuana with intent to distribute because of a burden-shifting jury charge).

Even assuming the charge here was improper, the error was harmless beyond a reasonable doubt. *See State v. Kinner*, 301 S.C. 209, 391 S.E. (2d) 251 (1990) (wherein our Supreme Court affirmed the defendant's conviction for driving under the influence because the overwhelming evidence of his impairment rendered the trial court's erroneous jury instruction harmless); *State v. Bailey*, 298 S.C. 1, 377 S.E. (2d) 581 (1989) (the Supreme Court will not set aside a conviction because of insubstantial errors not effecting the result when the defendant's guilt has been conclusively proven by competent evidence such that no other rational conclusion could be reached); *cf. Yates v. Evatt*, — U.S. —, 111 S. Ct. 1884, 114 L. Ed. (2d) 432 (1991) (applying the harmless beyond a reasonable doubt analysis to an erroneous jury instruction involving mandatory presumptions); *State v. Gaskins*, 284 S.C. 105, 326 S.E. (2d) 132 (1985) (wherein our Supreme Court held a jury charge involving the use of the words "presumption" and "rebutted" was harmless error beyond a reasonable doubt), *cert. denied, Gaskins v. South Carolina*, 471 U.S. 1120, 105 S. Ct. 2368, 86 L. Ed. (2d) 266 (1985), *overruled in part on other grounds, State v. Torrence*, — S.C. —, 406 S.E. (2d) 315 (1991). The record, as outlined above, contains overwhelming evidence of Strange's guilt even apart from the breathalyzer reading to which the questioned charge related.

Affirmed.

SANDERS, C.J., and SHAW, J., concur.