675 S.E.2d 816

**The STATE, Respondent,**

v.

**Herbert BRYANT, Appellant.**

**No. 4522.**

Court of Appeals of South Carolina.

Heard Feb. 3, 2009.

Decided March 25, 2009.

Rehearing Denied May 5, 2009.

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.

KONDUROS, J.:

Bryant appeals his convictions for three counts of first degree criminal sexual conduct (CSC) with a minor and three counts of committing a lewd act on a minor. He contends section 17–23–175 of the South Carolina Code (Supp.2008), which provides for the admission of videotaped interviews of child sexual abuse victims under certain circumstances, was applied in contradiction to the savings clause accompanying enactment of the legislation. Bryant further argues the application of the statute violated the *ex post facto* clauses of the state and federal constitutions. We affirm.

## FACTS

Bryant was tried and convicted of three counts of first degree CSC with a minor and three counts of committing a lewd act on a minor for molesting three neighbor children. He was sentenced to thirty years' imprisonment for each CSC charge and fifteen years for each lewd act charge, all to run concurrently.

After allegations by the three minor victims, their mother contacted police, and the victims were interviewed by a forensic interviewer. At trial, the victims, two females and one male, testified Bryant had taken inappropriate pictures of the female victims and made the children watch "nasty" videos with him. The victims testified Bryant made the male victim and one female victim perform oral sex on him at least once. The State sought to introduce the videotapes of the victims' forensic interviews into evidence pursuant to section 17–23–175 of the South Carolina Code (Supp.2008). Bryant objected arguing the application of the statute would violate the *ex post facto* clause, and the statute specifically did not apply to pending cases pursuant to the savings clause accompanying the proposed statute. The trial court allowed the admission of the videotaped interviews, concluding section 17–23–175 constituted an addition to the statutory scheme and did not amend or repeal the statute as contemplated by the savings clause. The trial court further concluded applying section 17–23–175 did not constitute an *ex post facto* violation because it deals with evidentiary or procedural issues and not the substantive rights of the defendant. The jury convicted Bryant and this appeal followed.

## LAW/ANALYSIS

### I. Savings Clause

■ Bryant contends the savings clause prohibited the admission of the videotaped interviews in his trial, because the savings clause prohibited any repeal or amendment from taking effect in pending cases. We disagree.

Section 17–23–175(A) of the South Carolina Code (Supp. 2008) allows the admission of out-of-court statements by child sexual abuse victims when the following conditions are met:

(1) the statement was given in response to questioning conducted during an investigative interview of the child;

(2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means ...;

(3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and

(4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of the trustworthiness.

The savings clause accompanying the enactment of section 17–23–175 provides:

The *repeal or amendment* by this act of any law, whether temporary or permanent or civil or criminal, does not affect pending actions, rights, duties, or liabilities founded thereon, or alter, discharge, release, or extinguish any penalty, forfeiture, or liability incurred under the repealed or amended law, unless the repealed or amended provision shall so expressly provide.

2006 S.C. Act No. 346 § 7 (the Act) (emphasis added).

Generally, a savings clause is intended to be "a restriction in a repealing act, which is intended to save rights, pending proceedings, penalties, etc., from the annihilation which would result from an unrestricted appeal." *Pierce v. State*, 338 S.C. 139, 146 n. 3, 526 S.E.2d 222, 225 n. 3 (2000) (quoting *Black's Law Dictionary* 1343 (6th ed. 1990)).

The longstanding common law view is that a "continued prosecution necessarily depend[s] upon the continued life of the statute which the prosecution seeks to apply. In case a statute is repealed or rendered inoperative, no further proceedings can be had to enforce it in pending prosecutions unless competent authority has kept the statute alive for that purpose.... Prosecution for crimes is but an application or enforcement of the law, and if the prosecution continues the law must continue to vivify it."

*Id.* at 145–46, 526 S.E.2d at 225 (quoting *U.S. v. Chambers*, 291 U.S. 217, 223, 226, 54 S.Ct. 434, 78 L.Ed. 763 (1934)) (omission by court).

The Act did several things in addition to providing a mechanism for admitting out-of-court statements by a child victim of sexual abuse via section 17–23–175. The Act also revised the criminal penalties for criminal sexual conduct with a minor, including adding the death penalty for certain repeat offenders. It also changed some of the procedures and punishment regarding electronic monitoring of offenders.

We do not believe section 17–23–175 repealed or amended any previously existing law as contemplated by the savings clause. Instead, section 17–23–175 was an addition to the statutory scheme that deals with the prosecution and punishment of sexual offenders. Therefore, we agree with the trial court that the savings clause did not prohibit the application of section 17–23–175 in Bryant's case.

## II. *Ex Post Facto* Violation

Bryant also contends the application of section 17–23–175 constitutes an *ex post facto* violation making the admission of the videotaped interviews error. We disagree.

The purpose of an *ex post facto* clause is to prevent lawmakers from passing "arbitrary or vindictive legislation." *Miller v. Florida*, 482 U.S. 423, 429, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (citations omitted). An *ex post facto* clause also ensures that legislative enactments "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham*, 450 U.S. 24, 28–29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). For a law to present an *ex post facto* violation, the law must (1) be retrospective and apply to events taking place prior to its enactment and (2) work to disadvantage the offender. *State v. Huiett*, 302 S.C. 169, 171, 394 S.E.2d 486, 487 (1990).

The seminal case of *Calder v. Bull*, 3 U.S. 386, 3 Dall. 386, 1 L.Ed. 648 (1798), sets forth four general categories of law that are violative of the *ex post facto* clause of the United States Constitution.

1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment,

and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

*Id.* at 390.

■■■ A change in the law does not run afoul of the *ex post facto* clause if it only affects a mode of procedure and does not alter "substantial personal rights." *Huiett,* 302 S.C. at 171, 394 S.E.2d at 487 (quoting *Miller,* 482 U.S. at 430, 107 S.Ct. 2446). Furthermore, in order for the *ex post facto* clause to be implicated, the statute at issue must be criminal or penal in purpose and nature. *Id.* at 172, 394 S.E.2d at 487. "Even though a procedural change may have a detrimental impact on a defendant, a mere procedural change which does not affect substantial rights is not *ex post facto.*" *Id.* at 171–72, 394 S.E.2d at 487.

The United States Supreme Court has determined changes in laws that made previously inadmissible evidence admissible did not violate the *ex post facto* clause. *See Thompson v. Missouri,* 171 U.S. 380, 386–87, 18 S.Ct. 922, 43 L.Ed. 204 (1898) (finding application of law admitting previously inadmissible handwriting samples did not violate *ex post facto* clause); *Hopt v. Utah,* 110 U.S. 574, 589, 4 S.Ct. 202, 28 L.Ed. 262 (1884) (holding admission of convicted felon's testimony, inadmissible at the time homicide was committed, did not violate *ex post facto* clause).

Other jurisdictions that have considered the admission of hearsay statements of child victims have reached the same conclusion. *See Hall v. Vargas,* 278 Ga. 868, 608 S.E.2d 200, 202 (2005) (holding statutory change permitting state to introduce additional evidence in the form of hearsay statements attributed to child victim did not present an *ex post facto* violation); *Villalon v. State,* 805 S.W.2d 588, 591–92 (Tex.Ct. App.1991) (finding statutory amendment changing rule of evidence to eliminate hearsay as a bar to the admissibility of certain category of outcry statements did not violate the *ex post facto* clause); *Glendening v. State,* 503 So.2d 335, 337–38 (Fla.Dist.Ct.App.1987) (finding no *ex post facto* violation when statutory amendment "did not increase the punishment or

deprive [defendant] of a defense" and "the statute had no effect upon whether [defendant] committed the crime but simply authorized the introduction of additional evidence to demonstrate his guilt").

■ The admission of the previously inadmissible video-taped interviews did not change the quantum of evidence required to convict Bryant nor did it change the elements of the crime. Once the jury determined Bryant's guilt, the admission of the videotape did not alter or effect the punishment to which he was subject. Rather than being penal in nature, section 17–23–175 deals with procedural, evidentiary matters. Consequently, we do not believe this addition to the statutory scheme allowing for such out-of-court statement falls into one of the four categories set forth in *Calder*.

Based on the foregoing, we conclude the admission of the victims' videotaped interviews under section 17–23–175 did not violate the *ex post facto* clause and did not contradict the savings clause found in the Act. Therefore, the ruling of the trial court is

**AFFIRMED.**

HUFF and WILLIAMS, JJ., concur.