752 S.E.2d 549

The STATE, Appellant,

v.

Michael J. HILTON, Respondent.

Appellate Case No. 2012–211546.
No. 5178.

Court of Appeals of South Carolina.

Heard Sept. 10, 2013.
Decided Oct. 30, 2013.
Rehearing Denied Dec. 31, 2013.

582

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Appellant.

Richard A. Harpootlian, M. David Scott, and Graham L. Newman, all of Richard A. Harpootlian, PA, of Columbia, for Respondent.

CURETON, A.J.

This appeal arises from Michael Hilton's indictment for one count of felony driving under the influence resulting in a death and one count of felony driving under the influence resulting in great bodily injury. Prior to trial, the circuit court suppressed the results of a breathalyzer test. On appeal, the State argues the circuit court erred by (1) retroactively applying a statutory change to the implied consent statute and

excluding the results of Hilton's breath alcohol test and (2) finding either Hilton's breath test was not conducted within the two-hour time limit or Hilton was not provided with a complete written report. We reverse and remand.

## FACTS

On May 10, 2008, Hilton's vehicle collided with a motorcycle on Highway 17 in Myrtle Beach. The driver of the motorcycle was killed as a result of the collision, and a passenger on the motorcycle was seriously injured. Trooper Peter Schmidt arrested Hilton and transported him to the Myrtle Beach Police Department, where Hilton provided a breath sample for testing by a DataMaster machine. The exact time of Hilton's arrest is disputed, but it occurred between 10:15 p.m. and 10:47 p.m. Trooper Schmidt provided Hilton a Breath Alcohol Analysis Test Report (BA report), which indicated Hilton was arrested at 10:15 p.m., was breath-tested at 12:32 a.m., and had a blood alcohol level of .15%. Subsequently, Hilton was charged with felony driving under the influence involving death and felony driving under the influence involving serious bodily injury.

On September 23, 2011, Hilton filed a motion to suppress the results of the breath test, claiming the breath test was not administered within two hours of his arrest. The parties agreed that at the time of Hilton's arrest, section 56–5–2950 of the South Carolina Code (2006) did not require a breath test to be completed within two hours of a person's arrest. However, Hilton argued the 2008 amendment to section 56–5–2950 requiring a person's breath test to be completed within two hours of arrest was retroactive because it involved procedures for administering breath tests. Accordingly, Hilton asserted the amendment was an exception to the general rule that statutes are applied prospectively. At the end of the suppression hearing, the circuit court gave each party fourteen days to submit written memoranda. In its memorandum, the State argued the amendment to the statute was prospective and the savings clause precluded retroactive application of the amendment.

The circuit court found as a matter of law that the amendment to section 56–5–2950 was retroactive because it was

procedural in nature. Based upon the BA report, the circuit court concluded Hilton was arrested at 10:15 p.m. and his breath test was taken at 12:32 a.m. Applying the requirement that a person's breath test must be performed within two hours of arrest, the circuit court suppressed the results of Hilton's breath test. Alternatively, the circuit court found that even if the breath test had been administered within two hours of Hilton's arrest, the State failed to provide Hilton with a correct written report that included Hilton's time of arrest, time of testing, and test results pursuant to subsection 56–5–2950(I). This appeal followed.

## STANDARD OF REVIEW

"In criminal cases, an appellate court sits to review only errors of law, and it is bound by the [circuit] court's factual findings unless they are clearly erroneous." *State v. Black,* 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012). "Questions of statutory interpretation are questions of law, which are subject to *de novo* review and which [appellate courts] are free to decide without any deference to the court below." *State v. Whitner,* 399 S.C. 547, 552, 732 S.E.2d 861, 863 (2012).

## LAW/ANALYSIS

Initially, Hilton argues the State failed to preserve for appellate review its argument concerning the savings clause, because the circuit court did not rule on that argument. We disagree.

At oral argument on appeal, Hilton cited to *City of Rock Hill v. Suchenski,* 374 S.C. 12, 646 S.E.2d 879 (2007). In *Suchenski,* our supreme court found unpreserved the City's argument that subsection (B) of the applicable statute excused noncompliance, because the circuit court's ruling applied subsection (A) but was silent as to subsection (B). *Id.* at 15, 646 S.E.2d at 880. *Suchenski* is distinguishable from the instant case. Following the hearing on Hilton's motion to exclude evidence, the circuit court permitted the parties to submit memoranda. In its memorandum, the State argued the savings clause prevented retroactive application of the amendment. Although the circuit court did not specifically refer to the savings clause in its order, it acknowledged considering

the parties' memoranda. We find the State raised its savings clause argument to the circuit court, and in applying the amendment retroactively, the circuit court ruled on that argument. Thus, it is properly before this court.

On the merits, the State contends the circuit court erred by retroactively applying a statutory amendment to section 56–5–2950 that requires all breath test samples to be collected within two hours of arrest. We agree.

"Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010).

"[L]egislative intent is paramount in determining whether a statute will have prospective or retroactive application." *State v. Bolin*, 381 S.C. 557, 561, 673 S.E.2d 885, 887 (Ct.App.2009). When the legislative intent is not clear, courts "adhere to the presumption that statutory enactments are to be given prospective rather than retroactive application." *Id.* at 561, 673 S.E.2d at 886–87. "[A]bsent a specific provision or clear legislative intent to the contrary, statutes are to be construed prospectively rather than retroactively, unless the statute is remedial or procedural in nature." *Edwards v. State Law Enforcement Div.*, 395 S.C. 571, 579, 720 S.E.2d 462, 466 (2011). "A statute is remedial where it creates new remedies for existing rights or enlarges the rights of persons under disability. When a statute creates a new obligation or imposes a new duty, courts generally consider the statute prospective only." *Id.* "[A] 'procedural' law sets out a mode of procedure for a court to follow, or 'prescribes a method of enforcing rights.'" *Id.* at 580, 720 S.E.2d at 466 (quoting *Black's Law Dictionary* 1083 (1979)).

Our supreme court recently discussed the retroactive application of statutes and the inclusion of savings clauses:

A statute is not to be applied retroactively unless that result is so clearly compelled as to leave no room for doubt. The statute must contain express words evincing intent that it be retroactive or words necessarily implying such intent. The only exception to this rule is a statutory enactment that effects a change in remedy or procedure. A savings clause is a restriction in a repealing act, intended to save rights, pending proceedings, penalties, etc., from the annihilation which would result from an unrestricted [re]peal. Generally, the repeal of a statute without the inclusion of a savings clause operates retroactively to expunge pending claims, but the inclusion of a proper savings clause will have the effect of preserving a pending suit.

*State v. Brown*, 402 S.C. 119, 127, 740 S.E.2d 493, 496–97 (2013) (internal citations and quotation marks omitted). In *Brown*, our supreme court addressed whether an amendment to section 16–13–30 of the South Carolina Code through the enactment of the Omnibus Crime Reduction and Sentencing Reform Act of 2010 was retroactive. 402 S.C. at 125–26, 740 S.E.2d at 495–96. In finding the amendment was not retroactive, the court relied on the savings clause as clear intent for the amendment to be prospective:

The General Assembly's inclusion of a savings clause demonstrates clear legislative intent to avoid disrupting pending or ongoing criminal prosecutions. To read the savings clause in any other way would result in a prohibited alteration of the statute's operation. Moreover, section 16–13–30's savings clause provides that the amendment to section 16–13–30 does not affect liability incurred under the prior version of the statute.

*Id.* at 127–28, 740 S.E.2d at 497 (footnote omitted).

We find the General Assembly clearly evinced its intent that the application of amended subsection 56–5–2950(A) be prospective. The cases discussed above outline our analysis. Generally, statutes are applied prospectively. *Brown*, 402 S.C. at 127, 740 S.E.2d at 496; *Edwards*, 395 S.C. at 579, 720 S.E.2d at 466; *Bolin*, 381 S.C. at 561, 673 S.E.2d at 886–87. However, they may be applied retroactively if (1) a specific provision or clear legislative intent requires retroactive application or (2) no clear expression of legislative intent

is present but the statute is remedial or procedural in nature. *Brown,* 402 S.C. at 127, 740 S.E.2d at 496–97; *Edwards,* 395 S.C. at 579, 720 S.E.2d at 466. Neither of these conditions is present in this case.

When Hilton was arrested in May 2008, the only time limit affecting the administration of a breath test was the requirement in subsection 56–5–2953(A)(2)(a) that the videotaping of the breath test be completed within three hours of the person's arrest. On February 10, 2009, nine months after Hilton's arrest, an amendment to subsection 56–5–2950(A) became effective. Act No. 201, 2008 S.C. Acts 1644, 1693 (the Act). The Act included the following clause:

> The repeal or amendment by this act of any law, whether temporary or permanent or civil or criminal, does not affect pending actions, rights, duties, or liabilities founded thereon, or alter, discharge, release or extinguish any penalty, forfeiture, or liability incurred under the repealed or amended law, unless the repealed or amended provision shall so expressly provide. After the effective date of this act, all laws repealed or amended by this act must be taken and treated as remaining in full force and effect for the purpose of sustaining any pending or vested right, civil action, special proceeding, criminal prosecution, or appeal existing as of the effective date of this act, and for the enforcement of rights, duties, penalties, forfeitures, and liabilities as they stood under the repealed or amended laws.

*Id.* at 1693. In substance, the amendment eliminated the three-hour videotaping requirement of subsection 56–5–2953(A)(2)(a) and inserted into subsection 56–5–2950(A) a requirement that "[a] breath sample taken for testing must be collected within two hours of the arrest." *Id.* at 1673–74, 1683–84. Consequently, the Act repealed or amended the existing law by eliminating an existing requirement for law enforcement officials in establishing an arrestee's blood-alcohol content and, in its place, instituting a new and different requirement.

We find the statement that "[t]he repeal or amendment by this act of any law ... does not affect pending actions ... or extinguish any ... liability incurred under the repealed or amended law ..." clearly expresses the General Assembly's

legislative intent. *See id.* at 1693. Instead of satisfying the first condition permitting retroactive application of a statute, this savings clause confirms the General Assembly's intent that the amendment be applied prospectively, only. *See Brown,* 402 S.C. at 127, 740 S.E.2d at 496–97; *Edwards,* 395 S.C. at 579, 720 S.E.2d at 466. This clear expression of legislative intent obviates the need for us to determine whether the amendment was substantive or procedural.[1] *See Brown,* 402 S.C. at 127–28, 740 S.E.2d at 497 ("The General Assembly's inclusion of a savings clause demonstrates clear legislative intent to avoid disrupting pending or ongoing criminal prosecutions. To read the savings clause in any other way would result in a prohibited alteration of the statute's operation."); *Bolin,* 381 S.C. at 562, 673 S.E.2d at 887 ("By stating that the Act is to have no effect on pending actions, criminal prosecutions, rights, duties, or liabilities, and that all laws repealed or amended by the Act must be treated as remaining in full force and effect, the clear language of the Act indicates that it is prospective."). Consequently, the circuit court erred by applying the amendment to subsection 56–5–2950(A) retroactively.

Inasmuch as we have decided the amendment to the breathalyzer statute is not retroactive and Hilton does not claim the videotaping was improper, we need not address the remaining issue raised by the State. *See Earthscapes Unltd., Inc. v. Ulbrich,* 390 S.C. 609, 617, 703 S.E.2d 221, 225 (2010) (recognizing when the disposition of a prior issue is dispositive of an appeal, analysis of the remaining issues is unnecessary).

## CONCLUSION

We find the General Assembly's 2008 amendment to subsection 56–5–2950(A), deleting the three-hour videotaping re-

---

1. The savings clause here is identical to the savings clauses in *Brown* and *Bolin,* in which the courts found the General Assembly clearly and unambiguously specified the amendments were prospective. It is also the same clause we examined in *State v. Bryant,* 382 S.C. 505, 509, 675 S.E.2d 816, 818 (Ct.App.2009). However, in that case, we determined the amendment did not "repeal[ ] or amend[ ] any previously existing law as contemplated by the savings clause." *Id.* at 510, 675 S.E.2d at 819. Because the amendment "was an addition to the statutory scheme," we held the savings clause did not prevent its retroactive application. *Id.*

quirement for blood alcohol testing and replacing it with a two-hour requirement for completing blood alcohol testing, repealed or amended an existing law. We further find the General Assembly clearly expressed its intent through the savings clause that this amendment be applied prospectively. Consequently, the circuit court erred in applying subsection 56–5–2950(A) retroactively. Accordingly, the decision of the circuit court is

**REVERSED AND REMANDED.**

FEW, C.J., and KONDUROS, J., concur.