**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Carmine James Miranda, III, Appellant.

Appellate Case No. 2016-001786

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-007
Submitted November 1, 2018 – Filed January 4, 2019

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Carmine James Miranda, III appeals his conviction of felony driving under the influence (DUI). Miranda argues the trial court erred by (1) admitting the results of his blood test because the State failed to properly establish

the chain of custody and (2) instructing the jury pursuant to the implied consent statute that it could infer he was under the influence of alcohol if his blood alcohol content was above 0.08. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the admission of Miranda's blood test results: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) ("[T]his [c]ourt has long held that a party offering into evidence fungible items such as drugs or blood samples must establish a complete chain of custody as far as practicable." (first alteration by court) (quoting *State v. Sweet*, 374 S.C. 1, 6, 647 S.E.2d 202, 205 (2007))); *State v. Smith*, 326 S.C. 39, 41, 482 S.E.2d 777, 778 (1997) ("When moving to admit blood alcohol test results, the State must prove a chain of custody of the blood sample from the time it[ is] drawn until it is tested."); *State v. Carter*, 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001) ("Proof of chain of custody need not negate all possibility of tampering so long as the chain of possession is complete."); *Hatcher*, 392 S.C. at 92, 708 S.E.2d at 753 ("In applying this rule, we have found evidence inadmissible only whe[n] there is a missing link in the chain of possession *because the identity of those who handled the [substance] was not established at least as far as practicable.*" (second alteration and emphasis by court) (quoting *Carter*, 344 S.C. at 424, 544 S.E.2d at 837)); *State v. Trapp*, 420 S.C. 217, 231, 801 S.E.2d 742, 749 (Ct. App. 2017) ("When an analyzed substance has passed through several hands, the identity of individuals who acquired the evidence and what was done with the evidence between the taking and the analysis must not be left to conjecture."); *Hatcher*, 392 S.C. at 91, 708 S.E.2d at 753 ("Testimony from each custodian of fungible evidence, however, is not a prerequisite to establishing a chain of custody sufficient for admissibility." (quoting *Sweet*, 374 S.C. at 7, 647 S.E.2d at 206)); *Sweet*, 374 S.C. at 6, 647 S.E.2d at 205-06 ("[I]f the identity of each person handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion by the trial court is shown in admitting the evidence absent proof of tampering, bad faith, or ill-motive.").

2. As to the jury instruction: *State v. Otts*, 424 S.C. 150, 155, 817 S.E.2d 540, 543 (Ct. App. 2018) ("To warrant reversal, a trial [court's] charge must be both erroneous and prejudicial." (quoting *State v. Taylor*, 356 S.C. 227, 231, 589 S.E.2d 1, 3 (2003))); *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011)

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

("[T]he trial court is required to charge only the current and correct law of South Carolina." (alteration by court) (quoting *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004))); *State v. Black*, 400 S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) ("Errors, including erroneous jury instructions, are subject to harmless error analysis."); *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998))); S.C. Code Ann. § 56-5-2945 (2018) (defining the offense of felony DUI); S.C. Code Ann. § 56-5-2950(A) (2018) (providing that "[a] person who drives a motor vehicle in this [s]tate is considered to have given consent to chemical tests of [his] breath, blood, or urine for the purpose of determining the presence of alcohol . . . if arrested for an offense arising out of acts alleged to have been committed while . . . . driving . . . under the influence of alcohol" and establishing procedures for obtaining a chemical test under such circumstances); S.C. Code Ann. § 56-5-2950(G)(3) (2018) ("In the criminal prosecution for . . . [felony DUI] the alcohol concentration at the time of the test, as shown by chemical analysis of the person's breath or other body fluids, gives rise to the following: . . . . if the alcohol concentration was at that time eight one-hundredths of one percent [(0.08)] or more, it may be inferred that the person was under the influence of alcohol."); *State v. Prince*, 335 S.C. 466, 472, 517 S.E.2d 229, 232 (Ct. App. 1999) ("Statutes must be read as a whole and sections that are part of the same general statutory scheme must be construed together and each given effect, if reasonable."); *State v. Gordon*, 414 S.C. 94, 98, 777 S.E.2d 376, 378 (2015) ("In interpreting a statute, '[w]ords must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation.'" (alteration by court) (quoting *Sloan v. Hardee*, 371 S.C. 495, 499, 640 S.E.2d 457, 459 (2007))); *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) ("Whe[n] the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))); *State v. Hilton*, 406 S.C. 580, 585, 752 S.E.2d 549, 551 (Ct. App. 2013) ("All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." (quoting *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010))); *State v. Kinner*, 301 S.C. 209, 210, 391 S.E.2d 251, 252 (1990) (holding the trial

court erred in charging the jury that it could infer the defendant was intoxicated when the blood alcohol test did not comply with the implied consent statute but affirming the defendant's conviction, finding the error was "harmless beyond a reasonable doubt because the record evince[d] overwhelming evidence" supporting the conviction).

**AFFIRMED.**

**KONDUROS, MCDONALD, and HILL, JJ., concur.**